Eric I. Abraham, Esq. (eabraham@hillwallack.com)
HILL WALLACK, LLP
21 Roszel Road,
Princeton, New Jersey 08543-5226
Telephone: (609) 924-0808

*Attorneys for Defendant Coolframes LLC,*
*Lee Weismann, and David Weismann*

## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| BLESSING INVESTMENT GROUP LG LLC, a Wisconsin limited liability company, <br><br> Plaintiff, <br><br> v. <br><br> COOLFRAMES, LLC, a New York limited liability company; LEE WEISSMAN, individually; and DAVID WEISSMAN, individually, <br><br> Defendants. | Case No. 1:26-cv-01909-OEM-RML <br><br> **ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS** |

**DEFENDANTS COOLFRAMES LLC, LEE WEISSMAN, AND DAVID WEISSMAN'S
ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**

Defendants Coolframes, LLC, Lee Weissman, and David Weissman ("Defendants")

through counsel, answers and responds to the Complaint filed by Plaintiff Blessing Investment

Group LG, LLC, as follows:

### INTRODUCTION

1.      The allegations contained in Paragraph 1 of the Complaint constitute legal

conclusions rather than allegations of fact and therefore no response is required. To the extent that

a response may be required, Defendants admits that the Complaint makes various allegations

against Defendants, but Defendants denies that it engaged in any violation of law or other

wrongdoing, denies any and all alleged liability to Plaintiff, and denies that Plaintiff is entitled to any relief.

2.      The allegations contained in Paragraph 2 of the Complaint constitute legal conclusions rather than allegations of fact and therefore no response is required. To the extent that a response may be required, Defendants admits that the Complaint makes various allegations against Defendants, but Defendants denies that it engaged in any violation of law or other wrongdoing, denies any and all alleged liability to Plaintiff, and denies that Plaintiff is entitled to any relief. To the extent this paragraph alleges an issue of fact, Defendants neither admit or deny and leave Plaintiff to its proofs.

3.      The allegations contained in Paragraph 3 of the Complaint constitute legal conclusions rather than allegations of fact and therefore no response is required. To the extent that a response may be required, Defendants admits that the Complaint makes various allegations against Defendants, but Defendants denies that it engaged in any violation of law or other wrongdoing, denies any and all alleged liability to Plaintiff, and denies that Plaintiff is entitled to any relief. To the extent this paragraph alleges an issue of fact, Defendants neither admit or deny and leave Plaintiff to its proofs.

4.      The allegations contained in Paragraph 4 of the Complaint constitute legal conclusions rather than allegations of fact and therefore no response is required. To the extent that a response may be required, Defendants admits that the Complaint makes various allegations against Defendants, but Defendants denies that it engaged in any violation of law or other wrongdoing, denies any and all alleged liability to Plaintiff, and denies that Plaintiff is entitled to any relief. To the extent this paragraph alleges an issue of fact, Defendants neither admit or deny and leave Plaintiff to its proofs.

4927-6282-1819, v. 2

5.     The allegations contained in Paragraph 5 of the Complaint constitute legal conclusions rather than allegations of fact and therefore no response is required. To the extent that a response may be required, Defendants admits that the Complaint makes various allegations against Defendants, but Defendants denies that it engaged in any violation of law or other wrongdoing, denies any and all alleged liability to Plaintiff, and denies that Plaintiff is entitled to any relief. To the extent this paragraph alleges an issue of fact, Defendants neither admit or deny and leave Plaintiff to its proofs.

## PARTIES

6.     Defendants lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 6 of the Complaint and leave Plaintiff to its proofs.

7.     Defendants admits the allegations contained in Paragraph 7 of the Complaint.

8.     Defendants admits the allegations contained in Paragraph 8 of the Complaint.

9.     Defendants admits the allegations contained in Paragraph 9 of the Complaint.

10.     Defendants neither admit or deny the allegations contained in Paragraph 10 of the Complaint and leave Plaintiff to its proofs.

## JURISDICTION AND VENUE

11.     Add The allegations contained in Paragraph 11 of the Complaint constitute legal conclusions rather than allegations of fact and therefore no response is required. To the extent that a response may be required, Defendants admits that the Latham Act, the Defend Trade Secrets Act, and the Computer Fraud and Abuse Act are federal statutes, but Defendants deny that this Court has subject matter jurisdiction over this action.

12.     The allegations contained in Paragraph 12 of the Complaint constitute legal conclusions rather than allegations of fact and therefore no response is required.

4927-6282-1819, v. 2

13.    Add The allegations contained in Paragraph 13 of the Complaint constitute legal conclusions rather than allegations of fact and therefore no response is required. To the extent a response may be required, Defendants admit that Coolframes LLC is a limited liability organized under the laws of New York, and that Lee Weissman and David Weissman are residents of New Jersey.

14.    The allegations contained in Paragraph 14 of the Complaint constitute legal conclusions rather than allegations of fact and therefore no response is required.

15.    The allegations contained in Paragraph 15 of the Complaint constitute legal conclusions rather than allegations of fact and therefore no response is required.

## FACTUAL ALLEGATIONS

16.    Defendants admits the allegations contained in Paragraph 16 of the Complaint

17.    The allegations contained in Paragraph 17 of the Complaint constitute legal conclusions rather than allegations of fact and therefore no response is required.  To the extent a response is required, Defendants lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 17 of the Complaint and leave Plaintiff to its proofs.

18.    The allegations contained in Paragraph 18 of the Complaint constitute legal conclusions rather than allegations of fact and therefore no response is required.  To the extent a response is required, Defendants lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 18 of the Complaint and leave Plaintiff to its proofs.

19.    Defendants admit as to the ownership interest of the entity contained in Paragraph 19 of the Complaint, and neither confirm or deny additional allegations contained in this Paragraph

4927-6282-1819, v. 2

and leave Plaintiff to its proofs.

20.    The allegations contained in Paragraph 17 of the Complaint constitute legal conclusions rather than allegations of fact and therefore no response is required.  To the extent a response is required, Defendants lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 16 of the Complaint and leave Plaintiff to its proofs.

21.    Defendants neither admit or deny the allegations contained in Paragraph 21 of the Complaint and leave Plaintiff to its proofs.

22.    Defendants neither admit or deny the allegations contained in Paragraph 22 of the Complaint and leave Plaintiff to its proofs.

23.    Defendants neither admit or deny the allegations contained in Paragraph 23 of the Complaint and leave Plaintiff to its proofs.

24.    Defendants neither admit or deny the allegations contained in Paragraph 24 of the Complaint and leave Plaintiff to its proofs.

25.    Defendants neither admit or deny the allegations contained in Paragraph 25 of the Complaint and leave Plaintiff to its proofs.

26.    Defendants neither admit or deny the allegations contained in Paragraph 26 of the Complaint and leave Plaintiff to its proofs.

27.    Defendants neither admit or deny the allegations contained in Paragraph 27 of the Complaint and leave Plaintiff to its proofs.

28.    Defendants neither admit or deny the allegations contained in Paragraph 28 of the Complaint and leave Plaintiff to its proofs.

29.    Defendants neither admit or deny the allegations contained in Paragraph 29 of the

4927-6282-1819, v. 2

Complaint and leave Plaintiff to its proofs.

30.    Defendants neither admit or deny the allegations contained in Paragraph 30 of the Complaint and leave Plaintiff to its proofs.

31.    Defendants neither admit or deny the allegations contained in Paragraph 31 of the Complaint and leave Plaintiff to its proofs.

32.    The allegations contained in Paragraph 32 of the Complaint constitute legal conclusions rather than allegations of fact and therefore no response is required. To the extent a response is required, the Defendants neither admit or deny the allegations contained in Paragraph 32 of the Complaint and leave Plaintiff to its proofs.

33.    The allegations contained in Paragraph 33 of the Complaint constitute legal conclusions rather than allegations of fact and therefore no response is required. To the extent a response is required, the Defendants neither admit or deny the allegations contained in Paragraph 33 of the Complaint and leave Plaintiff to its proofs.

34.    The allegations contained in Paragraph 34 of the Complaint constitute legal conclusions rather than allegations of fact and therefore no response is required. To the extent a response is required, the Defendants neither admit or deny the allegations contained in Paragraph 34 of the Complaint and leave Plaintiff to its proofs.

35.    Defendants neither admit or deny the allegations contained in Paragraph 35 of the Complaint and leave Plaintiff to its proofs.

36.    Defendants neither admit or deny the allegations contained in Paragraph 36 of the Complaint and leave Plaintiff to its proofs.

37.    Defendants neither admit or deny the allegations contained in Paragraph 37 of the Complaint and leave Plaintiff to its proofs.

4927-6282-1819, v. 2

38.     The allegations contained in Paragraph 38 of the Complaint constitute legal conclusions rather than allegations of fact and therefore no response is required. To the extent a response is required, the Defendants neither admit or deny the allegations contained in Paragraph 38 of the Complaint and leave Plaintiff to its proofs.

39.     Defendants neither admit or deny the allegations contained in Paragraph 39 of the Complaint and leave Plaintiff to its proofs.

40.     Defendants neither admit or deny the allegations contained in Paragraph 40 of the Complaint and leave Plaintiff to its proofs.

41.     Defendants neither admit or deny the allegations contained in Paragraph 41 of the Complaint and leave Plaintiff to its proofs.

42.     Defendants neither admit or deny the allegations contained in Paragraph 42 of the Complaint and leave Plaintiff to its proofs.

43.     Defendants neither admit or deny the allegations contained in Paragraph 37 of the Complaint and leave Plaintiff to its proofs.

44.     The allegations contained in Paragraph 44 of the Complaint constitute legal conclusions rather than allegations of fact and therefore no response is required. To the extent a response is required, the Defendants neither admit or deny the allegations contained in Paragraph 44 of the Complaint and leave Plaintiff to its proofs.

45.     The allegations contained in Paragraph 45 of the Complaint constitute legal conclusions rather than allegations of fact and therefore no response is required. To the extent a response is required, the Defendants neither admit or deny the allegations contained in Paragraph 45 of the Complaint and leave Plaintiff to its proofs.

46.     The allegations contained in Paragraph 46 of the Complaint constitute legal

conclusions rather than allegations of fact and therefore no response is required. To the extent a response is required, the Defendants neither admit or deny the allegations contained in Paragraph 46 of the Complaint and leave Plaintiff to its proofs.

47. Defendants neither admit or deny the allegations contained in Paragraph 47 of the Complaint and leave Plaintiff to its proofs.

48. Defendants neither admit or deny the allegations contained in Paragraph 48 of the Complaint and leave Plaintiff to its proofs.

49. Defendants neither admit or deny the allegations contained in Paragraph 49 of the Complaint and leave Plaintiff to its proofs.

50. Defendants neither admit or deny the allegations contained in Paragraph 50 of the Complaint and leave Plaintiff to its proofs.

51. Defendants neither admit or deny the allegations contained in Paragraph 51 of the Complaint and leave Plaintiff to its proofs.

52. Defendants deny the allegations contained in Paragraph 52 of the Complaint.

53. Defendants neither admit or deny the allegations contained in Paragraph 53 of the Complaint and leave Plaintiff to its proofs.

54. The allegations contained in Paragraph 54 of the Complaint constitute legal conclusions rather than allegations of fact and therefore no response is required. To the extent a response is required, the Defendants neither admit or deny the allegations contained in Paragraph 54 of the Complaint and leave Plaintiff to its proofs.

55. The allegations contained in Paragraph 55 of the Complaint constitute legal conclusions rather than allegations of fact and therefore no response is required. To the extent a response is required, the Defendants neither admit or deny the allegations contained in Paragraph

55 of the Complaint and leave Plaintiff to its proofs.

56.     The allegations contained in Paragraph 56 of the Complaint constitute legal conclusions rather than allegations of fact and therefore no response is required. To the extent a response is required, the Defendants neither admit or deny the allegations contained in Paragraph 56 of the Complaint and leave Plaintiff to its proofs.

57.     The allegations contained in Paragraph 57 of the Complaint constitute legal conclusions rather than allegations of fact and therefore no response is required. To the extent a response is required, the Defendants neither admit or deny the allegations contained in Paragraph 57 of the Complaint and leave Plaintiff to its proofs.

58.     The allegations contained in Paragraph 58 of the Complaint constitute legal conclusions rather than allegations of fact and therefore no response is required. To the extent a response is required, the Defendants neither admit or deny the allegations contained in Paragraph 58 of the Complaint and leave Plaintiff to its proofs.

59.     The allegations contained in Paragraph 59 of the Complaint constitute legal conclusions rather than allegations of fact and therefore no response is required. To the extent a response is required, the Defendants neither admit or deny the allegations contained in Paragraph 59 of the Complaint and leave Plaintiff to its proofs.

60.     Defendants neither admit or deny the allegations contained in Paragraph 60 of the Complaint and leave Plaintiff to its proofs.

61.     Defendants neither admit or deny the allegations contained in Paragraph 61 of the Complaint and leave Plaintiff to its proofs.

62.     The allegations contained in Paragraph 62 of the Complaint constitute legal conclusions rather than allegations of fact and therefore no response is required. To the extent a

4927-6282-1819, v. 2

response is required, the Defendants neither admit or deny the allegations contained in Paragraph 62 of the Complaint and leave Plaintiff to its proofs.

63. The allegations contained in Paragraph 63 of the Complaint constitute legal conclusions rather than allegations of fact and therefore no response is required. To the extent a response is required, the Defendants neither admit or deny the allegations contained in Paragraph 63 of the Complaint and leave Plaintiff to its proofs.

64. Defendants neither admit or deny the allegations contained in Paragraph 64 of the Complaint and leave Plaintiff to its proofs.

65. Defendants neither admit or deny the allegations contained in Paragraph 65 of the Complaint and leave Plaintiff to its proofs.

66. Defendants neither admit or deny the allegations contained in Paragraph 66 of the Complaint and leave Plaintiff to its proofs.

67. The allegations contained in Paragraph 67 of the Complaint constitute legal conclusions rather than allegations of fact and therefore no response is required. To the extent a response is required, the Defendants neither admit or deny the allegations contained in Paragraph 67 of the Complaint and leave Plaintiff to its proofs.

68. The allegations contained in Paragraph 68 of the Complaint constitute legal conclusions rather than allegations of fact and therefore no response is required. To the extent a response is required, the Defendants neither admit or deny the allegations contained in Paragraph 68 of the Complaint and leave Plaintiff to its proofs.

69. Defendants neither admit or deny the allegations contained in Paragraph 69 of the Complaint and leave Plaintiff to its proofs.

70. Defendants neither admit or deny the allegations contained in Paragraph 70 of the

4927-6282-1819, v. 2

Complaint and leave Plaintiff to its proofs.

71. Defendants neither admit or deny the allegations contained in Paragraph 71 of the Complaint and leave Plaintiff to its proofs.

72. Defendants neither admit or deny the allegations contained in Paragraph 72 of the Complaint and leave Plaintiff to its proofs.

73. Defendants denies the allegations contained in Paragraph 73 of the Complaint and leave Plaintiff to its proofs.

74. Defendants denies the allegations contained in Paragraph 74 of the Complaint and leave Plaintiff to its proofs.

75. Defendants neither admit or deny the allegations contained in Paragraph 75 of the Complaint and leave Plaintiff to its proofs.

76. Defendants neither admit or deny the allegations contained in Paragraph 76 of the Complaint and leave Plaintiff to its proofs.

77. Defendants neither admit or deny the allegations contained in Paragraph 77 of the Complaint and leave Plaintiff to its proofs.

78. Defendants neither admit or deny the allegations contained in Paragraph 78 of the Complaint and leave Plaintiff to its proofs.

79. The allegations contained in Paragraph 79 of the Complaint constitute legal conclusions rather than allegations of fact and therefore no response is required. To the extent a response is required, the Defendants neither admit or deny the allegations contained in Paragraph 79 of the Complaint and leave Plaintiff to its proofs.

## ANSWER TO ALLEGATIONS IN COUNT I

80. Defendants incorporate by reference its answers to the foregoing allegations as if

4927-6282-1819, v. 2

fully set forth herein.

81.    The allegations contained in Paragraph 81 of the Complaint constitute legal conclusions rather than allegations of fact and therefore no response is required. To the extent a response is required, the Defendants neither admit or deny the allegations contained in Paragraph 81 of the Complaint and leave Plaintiff to its proofs.

82.    The allegations contained in Paragraph 82 of the Complaint constitute legal conclusions rather than allegations of fact and therefore no response is required. To the extent a response is required, the Defendants neither admit or deny the allegations contained in Paragraph 82 of the Complaint and leave Plaintiff to its proofs.

83.    Defendants deny the allegations contained in Paragraph 83 of the Complaint.

84.    Defendants deny the allegations contained in Paragraph 84 of the Complaint.

85.    Defendants deny the allegations contained in Paragraph 85 of the Complaint.

WHEREFORE, Defendants deny any and all alleged liability in this matter, requests that judgment be entered in its favor and against Plaintiff, with attorneys' fees and costs assessed, and requests that this Court grant such further relief as it deems just and appropriate.

## ANSWER TO ALLEGATIONS IN COUNT II

86.    Defendants incorporate by reference its answers to the foregoing allegations as if fully set forth herein.

87.    The allegations contained in Paragraph 87 of the Complaint constitute legal conclusions rather than allegations of fact and therefore no response is required. To the extent a response is required, the Defendants neither admit or deny the allegations contained in Paragraph 87 of the Complaint and leave Plaintiff to its proofs.

88.    The allegations contained in Paragraph 88 of the Complaint constitute legal

4927-6282-1819, v. 2

conclusions rather than allegations of fact and therefore no response is required. To the extent a response is required, the Defendants neither admit or deny the allegations contained in Paragraph 88 of the Complaint and leave Plaintiff to its proofs.

89.     The allegations contained in Paragraph 89 of the Complaint constitute legal conclusions rather than allegations of fact and therefore no response is required. To the extent a response is required, the Defendants neither admit or deny the allegations contained in Paragraph 89 of the Complaint and leave Plaintiff to its proofs.

90.     The allegations contained in Paragraph 90 of the Complaint constitute legal conclusions rather than allegations of fact and therefore no response is required. To the extent a response is required, the Defendants neither admit or deny the allegations contained in Paragraph 90 of the Complaint and leave Plaintiff to its proofs.

WHEREFORE, Defendants deny any and all alleged liability in this matter, requests that judgment be entered in its favor and against Plaintiff, with attorneys' fees and costs assessed, and requests that this Court grant such further relief as it deems just and appropriate.

## ANSWER TO ALLEGATIONS IN COUNT III

91.     Defendants incorporate by reference its answers to the foregoing allegations as if fully set forth herein.

92.     The allegations contained in Paragraph 92 of the Complaint constitute legal conclusions rather than allegations of fact and therefore no response is required. To the extent a response is required, the Defendants neither admit or deny the allegations contained in Paragraph 92 of the Complaint and leave Plaintiff to its proofs.

93.     The allegations contained in Paragraph 93 of the Complaint constitute legal conclusions rather than allegations of fact and therefore no response is required. To the extent a

4927-6282-1819, v. 2

response is required, the Defendants neither admit or deny the allegations contained in Paragraph 93 of the Complaint and leave Plaintiff to its proofs.

94. The allegations contained in Paragraph 94 of the Complaint constitute legal conclusions rather than allegations of fact and therefore no response is required. To the extent a response is required, the Defendants neither admit or deny the allegations contained in Paragraph 94 of the Complaint and leave Plaintiff to its proofs.

95. The allegations contained in Paragraph 95 of the Complaint constitute legal conclusions rather than allegations of fact and therefore no response is required. To the extent a response is required, the Defendants neither admit or deny the allegations contained in Paragraph 95 of the Complaint and leave Plaintiff to its proofs.

WHEREFORE, Defendants deny any and all alleged liability in this matter, requests that judgment be entered in its favor and against Plaintiff, with attorneys' fees and costs assessed, and requests that this Court grant such further relief as it deems just and appropriate.

**ANSWER TO ALLEGATIONS IN COUNT IV**

96. Defendants incorporate by reference its answers to the foregoing allegations as if fully set forth herein.

97. The allegations contained in Paragraph 97 of the Complaint constitute legal conclusions rather than allegations of fact and therefore no response is required. To the extent a response is required, the Defendants neither admit or deny the allegations contained in Paragraph 97 of the Complaint and leave Plaintiff to its proofs.

98. The allegations contained in Paragraph 98 of the Complaint constitute legal conclusions rather than allegations of fact and therefore no response is required. To the extent a response is required, the Defendants neither admit or deny the allegations contained in Paragraph

4927-6282-1819, v. 2

98 of the Complaint and leave Plaintiff to its proofs.

99.     The allegations contained in Paragraph 99 of the Complaint constitute legal conclusions rather than allegations of fact and therefore no response is required. To the extent a response is required, the Defendants neither admit or deny the allegations contained in Paragraph 99 of the Complaint and leave Plaintiff to its proofs.

WHEREFORE, Defendants deny any and all alleged liability in this matter, requests that judgment be entered in its favor and against Plaintiff, with attorneys' fees and costs assessed, and requests that this Court grant such further relief as it deems just and appropriate.

## ANSWER TO ALLEGATIONS IN COUNT V

100.     Defendants incorporate by reference its answers to the foregoing allegations as if fully set forth herein.

101.     The allegations contained in Paragraph 101 of the Complaint constitute legal conclusions rather than allegations of fact and therefore no response is required. To the extent a response is required, the Defendants neither admit or deny the allegations contained in Paragraph 101 of the Complaint and leave Plaintiff to its proofs.

102.     The allegations contained in Paragraph 102 of the Complaint constitute legal conclusions rather than allegations of fact and therefore no response is required. To the extent a response is required, the Defendants neither admit or deny the allegations contained in Paragraph 102 of the Complaint and leave Plaintiff to its proofs.

103.     The allegations contained in Paragraph 103 of the Complaint constitute legal conclusions rather than allegations of fact and therefore no response is required. To the extent a response is required, the Defendants neither admit or deny the allegations contained in Paragraph 103 of the Complaint and leave Plaintiff to its proofs.

4927-6282-1819, v. 2

WHEREFORE, Defendants deny any and all alleged liability in this matter, requests that judgment be entered in its favor and against Plaintiff, with attorneys' fees and costs assessed, and requests that this Court grant such further relief as it deems just and appropriate.

## ANSWER TO ALLEGATIONS IN COUNT VI

104.    Defendants incorporate by reference its answers to the foregoing allegations as if fully set forth herein.

105.    The allegations contained in Paragraph 105 of the Complaint constitute legal conclusions rather than allegations of fact and therefore no response is required. To the extent a response is required, the Defendants neither admit or deny the allegations contained in Paragraph 105  of the Complaint and leave Plaintiff to its proofs.

106.    The allegations contained in Paragraph 106 of the Complaint constitute legal conclusions rather than allegations of fact and therefore no response is required. To the extent a response is required, the Defendants neither admit or deny the allegations contained in Paragraph 106 of the Complaint and leave Plaintiff to its proofs.

107.    The allegations contained in Paragraph 107 of the Complaint constitute legal conclusions rather than allegations of fact and therefore no response is required. To the extent a response is required, the Defendants neither admit or deny the allegations contained in Paragraph 107 of the Complaint and leave Plaintiff to its proofs.

WHEREFORE, Defendants deny any and all alleged liability in this matter, requests that judgment be entered in its favor and against Plaintiff, with attorneys' fees and costs assessed, and requests that this Court grant such further relief as it deems just and appropriate.

## ANSWER TO ALLEGATIONS IN COUNT VII

108.    Defendants incorporate by reference its answers to the foregoing allegations as if

4927-6282-1819, v. 2

fully set forth herein.

109.    The allegations contained in Paragraph 109 of the Complaint constitute legal conclusions rather than allegations of fact and therefore no response is required. To the extent a response is required, the Defendants neither admit or deny the allegations contained in Paragraph 109 of the Complaint and leave Plaintiff to its proofs.

110.    The allegations contained in Paragraph 110 of the Complaint constitute legal conclusions rather than allegations of fact and therefore no response is required. To the extent a response is required, the Defendants neither admit or deny the allegations contained in Paragraph 110 of the Complaint and leave Plaintiff to its proofs.

111.    The allegations contained in Paragraph 111 of the Complaint constitute legal conclusions rather than allegations of fact and therefore no response is required. To the extent a response is required, the Defendants neither admit or deny the allegations contained in Paragraph 111 of the Complaint and leave Plaintiff to its proofs.

WHEREFORE, Defendants deny any and all alleged liability in this matter, requests that judgment be entered in its favor and against Plaintiff, with attorneys' fees and costs assessed, and requests that this Court grant such further relief as it deems just and appropriate.

## ANSWER TO ALLEGATIONS IN COUNT VIII

112.    Defendants incorporate by reference its answers to the foregoing allegations as if fully set forth herein.

113.    The allegations contained in Paragraph 113 of the Complaint constitute legal conclusions rather than allegations of fact and therefore no response is required. To the extent a response is required, the Defendants neither admit or deny the allegations contained in Paragraph 113 of the Complaint and leave Plaintiff to its proofs.

4927-6282-1819, v. 2

114. The allegations contained in Paragraph 114 of the Complaint constitute legal conclusions rather than allegations of fact and therefore no response is required. To the extent a response is required, the Defendants neither admit or deny the allegations contained in Paragraph 114 of the Complaint and leave Plaintiff to its proofs.

115. The allegations contained in Paragraph 115 of the Complaint constitute legal conclusions rather than allegations of fact and therefore no response is required. To the extent a response is required, the Defendants neither admit or deny the allegations contained in Paragraph 115 of the Complaint and leave Plaintiff to its proofs.

WHEREFORE, Defendants deny any and all alleged liability in this matter, requests that judgment be entered in its favor and against Plaintiff, with attorneys' fees and costs assessed, and requests that this Court grant such further relief as it deems just and appropriate.

## ANSWER TO ALLEGATIONS IN COUNT IX

116. Defendants incorporate by reference its answers to the foregoing allegations as if fully set forth herein.

117. Defendants lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 117 of the Complaint and leave Plaintiff to its proofs.

118. Defendants neither admit or deny the allegations contained in Paragraph 118 of the Complaint and leave Plaintiff to its proofs.

119. Defendants neither admit or deny the allegations contained in Paragraph 119 of the Complaint and leave Plaintiff to its proofs.

120. The allegations contained in Paragraph 120 of the Complaint constitute legal conclusions rather than allegations of fact and therefore no response is required. To the

4927-6282-1819, v. 2

extent a response is required, the Defendants neither admit or deny the allegations contained in Paragraph 120 of the Complaint and leave Plaintiff to its proofs.

121. The allegations contained in Paragraph 121 of the Complaint constitute legal conclusions rather than allegations of fact and therefore no response is required. To the extent a response is required, the Defendants neither admit or deny the allegations contained in Paragraph 121 of the Complaint and leave Plaintiff to its proofs.

122. The allegations contained in Paragraph 122 of the Complaint constitute legal conclusions rather than allegations of fact and therefore no response is required. To the extent a response is required, the Defendants neither admit or deny the allegations contained in Paragraph 122 of the Complaint and leave Plaintiff to its proofs.

WHEREFORE, Defendants deny any and all alleged liability in this matter, requests that judgment be entered in its favor and against Plaintiff, with attorneys' fees and costs assessed, and requests that this Court grant such further relief as it deems just and appropriate.

## ANSWER TO ALLEGATIONS IN COUNT X

123. Defendants incorporate by reference its answers to the foregoing allegations as if fully set forth herein.

124. The allegations contained in Paragraph 124 of the Complaint constitute legal conclusions rather than allegations of fact and therefore no response is required. To the extent a response is required, the Defendants neither admit or deny the allegations contained in Paragraph 124 of the Complaint and leave Plaintiff to its proofs.

125. Defendants neither admit or deny the allegations contained in Paragraph 125 of the Complaint and leave Plaintiff to its proofs.

126. The allegations contained in Paragraph 126 of the Complaint constitute legal

4927-6282-1819, v. 2

conclusions rather than allegations of fact and therefore no response is required. To the extent a response is required, the Defendants neither admit or deny the allegations contained in Paragraph 126 of the Complaint and leave Plaintiff to its proofs.

127.     Defendants deny the allegations contained in Paragraph 127 of the Complaint.

128.     The allegations contained in Paragraph 128 of the Complaint constitute legal conclusions rather than allegations of fact and therefore no response is required. To the extent a response is required, the Defendants neither admit or deny the allegations contained in Paragraph 128 of the Complaint and leave Plaintiff to its proofs.

WHEREFORE, Defendants deny any and all alleged liability in this matter, requests that judgment be entered in its favor and against Plaintiff, with attorneys' fees and costs assessed, and requests that this Court grant such further relief as it deems just and appropriate.

## ANSWER TO ALLEGATIONS IN COUNT XI

129.     Defendants incorporate by reference its answers to the foregoing allegations as if fully set forth herein.

130.     G The allegations contained in Paragraph 130 of the Complaint constitute legal conclusions rather than allegations of fact and therefore no response is required. To the extent a response is required, the Defendants neither admit or deny the allegations contained in Paragraph 130 of the Complaint and leave Plaintiff to its proofs

131.     Defendants neither admit or deny the allegations contained in Paragraph 131 of the Complaint and leave Plaintiff to its proofs.

132.     The allegations contained in Paragraph 132 of the Complaint constitute legal conclusions rather than allegations of fact and therefore no response is required. To the

4927-6282-1819, v. 2

extent a response is required, the Defendants neither admit or deny the allegations contained in Paragraph 132 of the Complaint and leave Plaintiff to its proofs.

133.     The allegations contained in Paragraph 133 of the Complaint constitute legal conclusions rather than allegations of fact and therefore no response is required. To the extent a response is required, the Defendants neither admit or deny the allegations contained in Paragraph 133 of the Complaint and leave Plaintiff to its proofs.

WHEREFORE, Defendants deny any and all alleged liability in this matter, requests that judgment be entered in its favor and against Plaintiff, with attorneys' fees and costs assessed, and requests that this Court grant such further relief as it deems just and appropriate.

## ANSWER TO ALLEGATIONS IN COUNT XII

134.     Defendants incorporate by reference its answers to the foregoing allegations as if fully set forth herein.

135.     Defendants neither admit or deny the allegations contained in Paragraph 135 of the Complaint and leave Plaintiff to its proofs.

136.     Defendants deny the allegations contained in Paragraph 136 of the Complaint and leave Plaintiff to its proofs.

137.     Defendants deny the allegations contained in Paragraph 137 of the Complaint and leave Plaintiff to its proofs.

138.     Defendants deny the allegations contained in Paragraph 138 of the Complaint and leave Plaintiff to its proofs.

139.     The allegations contained in Paragraph 139 of the Complaint constitute legal conclusions rather than allegations of fact and therefore no response is required. To the extent a response is required, the Defendants neither admit or deny the allegations

4927-6282-1819, v. 2

contained in Paragraph 139 of the Complaint and leave Plaintiff to its proofs.

140.      The allegations contained in Paragraph 140 of the Complaint constitute legal conclusions rather than allegations of fact and therefore no response is required. To the extent a response is required, the Defendants neither admit or deny the allegations contained in Paragraph 140 of the Complaint and leave Plaintiff to its proofs.

WHEREFORE, Defendants deny any and all alleged liability in this matter, requests that judgment be entered in its favor and against Plaintiff, with attorneys' fees and costs assessed, and requests that this Court grant such further relief as it deems just and appropriate.

## ANSWER TO ALLEGATIONS IN COUNT XIII

141.      Defendants incorporate by reference its answers to the foregoing allegations as if fully set forth herein.

142.      The allegations contained in Paragraph 142 of the Complaint constitute legal conclusions rather than allegations of fact and therefore no response is required. To the extent a response is required, the Defendants neither admit or deny the allegations contained in Paragraph 142 of the Complaint and leave Plaintiff to its proofs.

143.      The allegations contained in Paragraph 143 of the Complaint constitute legal conclusions rather than allegations of fact and therefore no response is required. To the extent a response is required, the Defendants neither admit or deny the allegations contained in Paragraph 143 of the Complaint and leave Plaintiff to its proofs.

144.      Defendants deny the allegations contained in Paragraph 144 of the Complaint and leave Plaintiff to its proofs.

145.      The allegations contained in Paragraph 145 of the Complaint constitute legal conclusions rather than allegations of fact and therefore no response is required. To the

4927-6282-1819, v. 2

extent a response is required, the Defendants neither admit or deny the allegations contained in Paragraph 145 of the Complaint and leave Plaintiff to its proofs.

WHEREFORE, Defendants deny any and all alleged liability in this matter, requests that judgment be entered in its favor and against Plaintiff, with attorneys' fees and costs assessed, and requests that this Court grant such further relief as it deems just and appropriate.

## ANSWER TO ALLEGATIONS IN COUNT XIV

146. Defendants incorporate by reference its answers to the foregoing allegations as if fully set forth herein.

147. Defendants neither admit or deny the allegations contained in Paragraph 147 of the Complaint and leave Plaintiff to its proofs.

148. Defendants neither admit or deny the allegations contained in Paragraph 148 of the Complaint and leave Plaintiff to its proofs.

149. The allegations contained in Paragraph 149 of the Complaint constitute legal conclusions rather than allegations of fact and therefore no response is required. To the extent a response is required, the Defendants neither admit or deny the allegations contained in Paragraph 149 of the Complaint and leave Plaintiff to its proofs.

150. The allegations contained in Paragraph 150 of the Complaint constitute legal conclusions rather than allegations of fact and therefore no response is required. To the extent a response is required, the Defendants neither admit or deny the allegations contained in Paragraph 150 of the Complaint and leave Plaintiff to its proofs.

151. The allegations contained in Paragraph 151 of the Complaint constitute legal conclusions rather than allegations of fact and therefore no response is required. To the extent a response is required, the Defendants neither admit or deny the allegations

4927-6282-1819, v. 2

contained in Paragraph 151 of the Complaint and leave Plaintiff to its proofs.

WHEREFORE, Defendants deny any and all alleged liability in this matter, requests that judgment be entered in its favor and against Plaintiff, with attorneys' fees and costs assessed, and requests that this Court grant such further relief as it deems just and appropriate.

### ANSWER TO ALLEGATIONS IN COUNT XV

152.     Defendants incorporate by reference its answers to the foregoing allegations as if fully set forth herein.

153.     The allegations contained in Paragraph 153 of the Complaint constitute legal conclusions rather than allegations of fact and therefore no response is required. To the extent a response is required, the Defendants neither admit or deny the allegations contained in Paragraph 153 of the Complaint and leave Plaintiff to its proofs.

154.     Defendants neither admit or deny the allegations contained in Paragraph 154 of the Complaint and leave Plaintiff to its proofs.

155.     Defendants deny the allegations contained in Paragraph 155 of the Complaint and leave Plaintiff to its proofs.

WHEREFORE, Defendants deny any and all alleged liability in this matter, requests that judgment be entered in its favor and against Plaintiff, with attorneys' fees and costs assessed, and requests that this Court grant such further relief as it deems just and appropriate.

### ANSWER TO ALLEGATIONS IN COUNT XVI

156.     Defendants incorporate by reference its answers to the foregoing allegations as if fully set forth herein.

157.     The allegations contained in Paragraph 157 of the Complaint constitute legal conclusions rather than allegations of fact and therefore no response is required. To the

4927-6282-1819, v. 2

extent a response is required, the Defendants neither admit or deny the allegations contained in Paragraph 157 of the Complaint and leave Plaintiff to its proofs.

158.    The allegations contained in Paragraph 158 of the Complaint constitute legal conclusions rather than allegations of fact and therefore no response is required. To the extent a response is required, the Defendants neither admit or deny the allegations contained in Paragraph 158 of the Complaint and leave Plaintiff to its proofs.

159.    The allegations contained in Paragraph 159 of the Complaint constitute legal conclusions rather than allegations of fact and therefore no response is required. To the extent a response is required, the Defendants neither admit or deny the allegations contained in Paragraph 159 of the Complaint and leave Plaintiff to its proofs.

WHEREFORE, Defendants deny any and all alleged liability in this matter, requests that judgment be entered in its favor and against Plaintiff, with attorneys' fees and costs assessed, and requests that this Court grant such further relief as it deems just and appropriate.

4927-6282-1819, v. 2

## DEFENDANTS' AFFIRMATIVE DEFENSES TO COMPLAINT

Without assuming the burden of proof where it otherwise rests with Plaintiff, Defendants' asserts the following affirmative defenses to Plaintiff's Complaint:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim for which the relief requested can be granted and Defendants' reserves and does not waive its arguments relating to the legal sufficiency of Plaintiff's allegations.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to allege and cannot prove facts sufficient to show (1) that she suffered an injury in fact that is concrete, particularized, and actual or imminent; (2) that the injury was likely caused by Defendants; and (3) that the injury would likely be redressed by judicial relief. Accordingly, Plaintiff lacks standing to bring its claim before this Court, and this Court lacks subject matter jurisdiction to hear the Complaint under Article III of the United States Constitution.

### THIRD AFFIRMATIVE DEFENSE

To the extent Plaintiff suffered any alleged actual damages, the existence of which are expressly denied, the alleged damages were caused in whole or in part by Plaintiff's own acts, omissions, or breaches of any purported contract between the parties.

### FOURTH AFFIRMATIVE DEFENSE

To the extent Plaintiff suffered any alleged actual damages, the existence of which are expressly denied, the alleged damages were caused in whole or in part by individuals and/or entities over whom Defendants had no control, right of control, or responsibility.

4927-6282-1819, v. 2

## FIFTH AFFIRMATIVE DEFENSE

To the extent Plaintiff suffered any alleged actual damages, the existence of which are expressly denied, the alleged damages are barred and/or limited in whole or in part by Plaintiff's own failure to mitigate her alleged damages.

## SIXTH AFFIRMATIVE DEFENSE

Defendants denies that it engaged in any violation of law or that it is otherwise liable to Plaintiff under the Latham Act, the Defend Trade Secrets Act, and the Computer Fraud and Abuse Act. Nevertheless, any alleged violation of the TCPA by Defendants, which alleged violation Defendants expressly denies, would have occurred despite Defendants' establishment and implementation with due care of reasonable practices and procedures to effectively prevent violations of the Latham Act, the Defend Trade Secrets Act, and the Computer Fraud and Abuse Act, and Plaintiff's claims against Defendants are therefore barred in whole or in part.

## SEVENTH AFFIRMATIVE DEFENSE

Any claim for exemplary or punitive damages or emergent relief alleged by Plaintiff or sought from Defendants violates Defendants' rights under the Due Process and Excessive Fines clauses of the Fifth and Eighth Amendments to the United States Constitution.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Defendant are barred by the doctrines of Latches, Waiver and/or Unclean Hands.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff breached the contract controlling the parties' relationship.

4927-6282-1819, v. 2

WHEREFORE, Defendants requests that judgment be entered in its favor and against Plaintiff, with costs and attorneys' fees assessed, and requests that this Court provide such further and additional relief as it deems just and appropriate.

The above affirmative defenses are based on the facts currently known to Defendants, and Defendants' reserve the right to amend or add affirmative defenses based on facts that may later be discovered, pled, or offered.

### Demand for Attorneys' Fees

Defendants is entitled to recover its costs, expenses, and attorneys' fees pursuant to 28 U.S.C. § 1927 as Plaintiff's allegations are without legal and factual merit, and/or are asserted unreasonably and vexatiously.

### COUNTERCLAIMS

160.       Defendants-Counterclaim Plaintiffs, Coolframes, LLC, Lee Weissman, and David Weissman ("Coolframes"), by way of Counterclaims against the Plaintiff-Counterclaim Defendant Blessing Investment Group LG, LLC ("Blessing"), states as follows:

### PARTIES

161.       Coolframes incorporates its responses to the allegations contained in the Verified Complaint and their Affirmative Defenses.

162.       Coolframes is a limited liability company organized under the laws of the State of New York and engages in the sale and distribution of eyewear.

163.       Blessing is a limited liability company organized under the laws of the State of Wisconsin, with a principal place of business located at 711 La Grange Drive, Lake Geneva, Wisconsin 53147.

164.       Upon information and belief, Blessing is managed, owned and operated by Dan

4927-6282-1819, v. 2

Blessing.

## FACTS

165.    Upon information and belief, the parties executed the Commercial Sublease Agreement (the "Sublease") whereby Blessing would occupy the premises located at 2907 Ocean Avenue, Brooklyn, New York 11235. See, Plaintiff's Complaint at **Exhibit 3**.

166.    The original Sublease states that the "term of this Sublease shall commence on September 22, 2025, and shall continue on a month-to-month basis unless terminated earlier in accordance with Section 4." Id.

167.    The Sublease further states that no rent would be due for the first six (6) months of Blessing's leasehold, ending on March 31, 2026. Id.

168.    The Sublease obligated Blessing to begin paying monthly rent of $1,800.00 on April 1, 2026, and would be due the first of every month thereafter. Id.

169.    To date, Blessing has never made a single rent payment and is therefore in breach of its obligations under the Sublease agreement.

170.    Under the Sublease, Blessing was required to pay rent for April, May, June, and July, yet failed to provide rental payments and failed to properly terminate the Sublease agreement.

171.    The Sublease clearly states that the "Subtenant may terminate this Sublease at any time upon giving at least sixty (60) days' prior written notice to Sublandlord." Id.

172.    Blessing has never provided the sixty days' notice to properly terminate the Sublease.

173.    In the event that Blessing provides 60 days' notice to terminate on August 1, 2026, Blessing would still be responsible for the prior months of back-rent and rent for August

4927-6282-1819, v. 2

and September, totaling $10,800.00 in rent for the six-month period that Blessing is obligated to pay under the Sublease agreement.

174.     In addition to its obligation to pay rent to Coolframes, under the Sublease Blessing was required to "maintain the Premises in good condition, reasonable wear and tear excepted." Id.

175.     Further, the Sublease required Blessing "to indemnify and hold harmless Sublandlord against any claims or liabilities arising from the Subtenant's occupancy and use." Id.

176.     On our about June 24, 2026,  Blessing abandoned the leasehold premises and attempted to  unilaterally terminate the Sublease by vacating the leasehold premises without any warning to Coolframes.

177.     As a result of this breach of the Sublease, the leasehold premises was abandoned without written notice, and left the leasehold premises empty with no one monitor or maintain the premises in good condition.

178.     Under the terms of the Sublease, this is the responsibility of the Subtenant, Blessing. Id.

179.     As a result of Blessing's abandonment of its duty to maintain the leasehold premises, it was reported that a severe water leak offered in the leasehold space on or about July 6, 2026.

180.     This negligence has led to substantial water damages to the unit underneath the leasehold premises and is the direct result of Blessings breach of the Sublease and abandonment of the leasehold premises.

181.     Because Blessing failed to perform its duty as the Subtenant, it has cause significant

4927-6282-1819, v. 2

damage to the leasehold premises and the unit below and is responsible for that damage and required to indemnify Coolframes under the terms of the Sublease agreement.

182. Blessing was also required under the Asset Purchase Agreement to return personal email addresses to the principals and members of the Coolframes entity.

183. Blessing has repeatedly failed to return these email accounts which contain private information and are not associated with the operation of the business.

### COUNT ONE—BREACH OF CONTRACT

184. Counterclaimant repeats each and every allegation as set forth above and incorporates the same by refence as if set forth in length herein.

185. The parties entered into an agreement and therefore it is governed by laws of contract in the State of New York.

186. Blessing failed to comply with the terms of the leasehold and did not provide monthly rent that was due under the Sublease.

187. Blessing failed to comply with the terms of the leasehold and failed to provide the required sixty (60) day notice to terminate the lease agreement.

188. Blessing failed to comply with the terms of the leasehold and failed to maintain the premises in good condition, allowing substantial water damage as a result of abandoning the premises.

189. As a result of Blessing's breach, Coolframes has lost $10,800.00 in rent due and suffered economic damages resulting from property damage.

190. Blessing has willfully refused to return private email addresses to the members of the Coolframes entity, in breach of the Asset Purchase Agreement.

191. Blessing failed to comply the parties' agreement and is holding these email accounts

4927-6282-1819, v. 2

hostage, in breach of the Asset Purchase Agreement.

**WHEREFORE,** Counterclaimant demands judgment against Blessing for:

    a. Actual damages;

    b. Consequential damages;

    c. Immediate release of all personal email accounts;

    d. Costs and attorney's fees; and

    e. Any such relief as the Court deems just and equitable.

## COUNT TWO

### Breach of Covenant of Good Faith and Fair Dealing

192.    Counterclaimant repeats each and every allegation as set forth above and incorporates the same by refence as if set forth in length herein.

193.    Blessing had a duty to inform Coolframes of its intent to vacate the premises and a duty to pay rent for the four months after the "no rent" expiration period on March 31, 2026.

194.    Blessing's self-serving tactic to abandon the premises and attempt to unilaterally terminate the lease without proper notice is a breach of the covenant of good faith and fair dealing and has cause Coolframes to suffer substantial financial harm.

195.    Blessing has also failed to comply with the parties' agreement to return personal email address to the members of Coolframes. This agreement was made as a condition of the parties' Asset Purchase agreement and Blessing's refusal to comply with this term is a breach of the covenant of good faith and fair dealing.

196.    As a result of Blessings wrongful conduct, the Counterclaimant has been irreparable harmed.

4927-6282-1819, v. 2

**WHEREFORE,** Counterclaimant demands judgment against Blessing for:

    a.  Actual damages;

    b.  Consequential damages;

    c.  Immediate release of all personal email accounts;

    d.  Costs and attorney's fees; and

    e.  Any such relief as the Court deems just and equitable.

## COUNT THREE

### Unjust enrichment

197.    Counterclaimant repeats each and every allegation as set forth above and incorporates the same by refence as if set forth in length herein.

198.    Blessing had an obligation to pay monthly rent of $1,800.00 starting on April 1, 2026, and every month thereafter until the Sublease was properly terminated under paragraph four of the parties' agreement.

199.    Blessing refused to pay rent for the months it occupied the premises and failed to provide proper, sixty-day—notice to effectively terminate the Sublease under the terms of the leasehold agreement.

200.    Because Blessing's refused to comply with the rental provision of the Leasehold, Blessing has been unjustly enriched by failing to pay months of rent to Coolframes.

201.    As a result of Blessing's wrongful conduct, the Counterclaimant has been irreparable harmed.

**WHEREFORE,** Counterclaimant demands judgment against Blessing for:

    a.  Actual damages;

b.  Back rent for the months owed;

c.  Consequential damages;

d.  Costs and attorney's fees; and

e.  Any such relief as the Court deems just and equitable.

## COUNT FOUR

### Negligence

202.    Counterclaimant repeats each and every allegation as set forth above and incorporates the same by refence as if set forth in length herein.

203.    Blessing had a duty to properly maintain the leasehold premises in good condition under the terms of the Sublease.

204.    Blessing breached this duty by abandoning the leasehold premises and leaving no one to monitor the leasehold space.

205.    Blessing caused injury and damage to the leasehold space and the unit below the leasehold premises, as a sever water leak infiltrated the leasehold space that Blessing was supposed to be occupying and maintaining in good order.

206.    This damage would not have occurred if Blessing was on-site to maintain the leasehold premises in good condition, pursuant to the terms of the leasehold.

207.    The damage to the leasehold premises and the unit below were foreseeable and would have been prevented "but for" Blessing's breach of its duty and choice to abandon the leasehold premises without notifying anyone.

208.    As a result, Coolframes—and the optical business below—have suffered serious financial losses and property damage—the extent of which is still being determined.

**WHEREFORE,** Counterclaimant demands judgment against Blessing for:

4927-6282-1819, v. 2

    f.   Actual damages;

    g.   Immediate production of Blessing's insurance policy for the leasehold;

    h.   Consequential damages;

    i.   Costs and attorney's fees; and

    j.   Any such relief as the Court deems just and equitable.

### RESERVATION OF DEFENSES AND OBJECTIONS

Defendant/Counterclaimant reserves the right to interpose such other affirmative defenses and/or objections as a continuing investigation may disclose.

### NOTICE TO PRESERVE ELECTRONIC DATA

This Notice is to advise Plaintiff that Defendant intends to discover Plaintiff's documents and things including electronically stored and maintained data, whether stored locally or in "the cloud" by Plaintiff or another person or entity, and hereby instruct Plaintiff to preserve all such data relevant to the claims and defenses of the parties to the above-captioned litigation, and to maintain the layout and configuration of Plaintiff's electronic devices — including, but not limited to, cell phones, laptop computers, desktop computers, mini computers, palm computers, tablets, and digital store devices (*e.g.*, any "thumb drives," "flash drives," or similar USB store devices, any external hard drives, and any "wireless" or remotely-accessed data storage devices)—until discovery is completed. Plaintiff is prohibited from initiating or performing any activity, whether online or offline, which would or might result in the loss of electronic data which may be relevant to the claims or defenses of any party to this Action. Such activity includes, but is not limited to, the compression, rotation, destruction or erasure of data, the de-fragmentation of any hard drives, and the purging of any databases, and the deletion of text messages and emails. This Notice applies

to data within Plaintiff's custody and control, as well as, data within the custody and control of

Plaintiff's employees, associates, agents and representatives.

**PRAYER FOR RELIEF**

**WHEREFORE**, Defendant respectfully requests that the Court enter judgment in their

favor and against Plaintiff, dismissing the Complaint with prejudice, awarding Defendant

reasonable attorneys' fees and expenses, awarding costs, and awarding such other relief as the

Court may deem proper and just.

Dated:  July 8, 2026                          Respectfully submitted,

By:   *s/ Eric I. Abraham*
        Eric I. Abraham
        **HILL WALLACK LLP**
        21 Roszel Road
        Princeton, New Jersey 08543-5226
        (609) 734-6358
        eabraham@hillwallack.com

        *Attorneys for Defendants Coolframes LLC, Lee*
        *Weismann, and David Weismann*

4927-6282-1819, v. 2

## CERTIFICATE OF SERVICE

I hereby certify that on **July 8, 2026**, I caused the foregoing document to be filed with the Clerk of Court using the CM/ECF system, which will send notice of electronic filing to all counsel of record and the foregoing document was also sent via email to opposing counsel.

_/s/ Eric Abraham_

Eric I. Abraham