Eric I. Abraham, Esq. (eabraham@hillwallack.com)
William P. Murtha, Esq.  (wmurtha@hillwallack.com)
HILL WALLACK, LLP
21 Roszel Road,
Princeton, New Jersey 08543-5226
Telephone: (609) 924-0808

*Attorneys for Defendant Coolframes LLC,*
*Lee Weismann, and David Weismann*

## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| BLESSING INVESTMENT GROUP LG LLC, a Wisconsin limited liability company,<br><br>        Plaintiff,<br><br>    v.<br><br>COOLFRAMES, LLC, a New York limited liability company; LEE WEISSMAN, individually; and DAVID WEISSMAN, individually,<br><br>        Defendants. | Case No. 1:26-cv-01909-OEM-RML<br><br>**ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS** |

## DEFENDANTS COOLFRAMES LLC, LEE WEISSMAN, AND DAVID WEISSMAN'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

Defendants Coolframes, LLC, Lee Weissman, and David Weissman ("Defendants")

through counsel, answers and responds to the Complaint filed by Plaintiff Blessing Investment

Group LG, LLC, as follows:

### INTRODUCTION

1.      The allegations contained in Paragraph 1 of the Complaint constitute legal

conclusions rather than allegations of fact and therefore no response is required. To the extent that

a response may be required, Defendants admits that the Complaint makes various allegations

against Defendants, but Defendants denies that it engaged in any violation of law or other

wrongdoing, denies any and all alleged liability to Plaintiff, and denies that Plaintiff is entitled to any relief.

2.      The allegations contained in Paragraph 2 of the Complaint constitute legal conclusions rather than allegations of fact and therefore no response is required. To the extent that a response may be required, Defendants admits that the Complaint makes various allegations against Defendants, but Defendants denies that it engaged in any violation of law or other wrongdoing, denies any and all alleged liability to Plaintiff, and denies that Plaintiff is entitled to any relief. To the extent this paragraph alleges an issue of fact, Defendants neither admit or deny and leave Plaintiff to its proofs.

3.      The allegations contained in Paragraph 3 of the Complaint constitute legal conclusions rather than allegations of fact and therefore no response is required. To the extent that a response may be required, Defendants admits that the Complaint makes various allegations against Defendants, but Defendants denies that it engaged in any violation of law or other wrongdoing, denies any and all alleged liability to Plaintiff, and denies that Plaintiff is entitled to any relief. To the extent this paragraph alleges an issue of fact, Defendants neither admit or deny and leave Plaintiff to its proofs.

4.      The allegations contained in Paragraph 4 of the Complaint constitute legal conclusions rather than allegations of fact and therefore no response is required. To the extent that a response may be required, Defendants admits that the Complaint makes various allegations against Defendants, but Defendants denies that it engaged in any violation of law or other wrongdoing, denies any and all alleged liability to Plaintiff, and denies that Plaintiff is entitled to any relief. To the extent this paragraph alleges an issue of fact, Defendants neither admit or deny and leave Plaintiff to its proofs.

5. The allegations contained in Paragraph 5 of the Complaint constitute legal conclusions rather than allegations of fact and therefore no response is required. To the extent that a response may be required, Defendants admits that the Complaint makes various allegations against Defendants, but Defendants denies that it engaged in any violation of law or other wrongdoing, denies any and all alleged liability to Plaintiff, and denies that Plaintiff is entitled to any relief. To the extent this paragraph alleges an issue of fact, Defendants neither admit or deny and leave Plaintiff to its proofs.

## PARTIES

6. Defendants lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 6 of the Complaint and leave Plaintiff to its proofs.

7. Defendants admits the allegations contained in Paragraph 7 of the Complaint.

8. Defendants admits the allegations contained in Paragraph 8 of the Complaint.

9. Defendants admits the allegations contained in Paragraph 9 of the Complaint.

10. Defendants neither admit or deny the allegations contained in Paragraph 10 of the Complaint and leave Plaintiff to its proofs.

## JURISDICTION AND VENUE

11. Add The allegations contained in Paragraph 11 of the Complaint constitute legal conclusions rather than allegations of fact and therefore no response is required. To the extent that a response may be required, Defendants admits that the Latham Act, the Defend Trade Secrets Act, and the Computer Fraud and Abuse Act are federal statutes, but Defendants deny that this Court has subject matter jurisdiction over this action.

12. The allegations contained in Paragraph 12 of the Complaint constitute legal conclusions rather than allegations of fact and therefore no response is required.

13.     Add The allegations contained in Paragraph 13 of the Complaint constitute legal conclusions rather than allegations of fact and therefore no response is required. To the extent a response may be required, Defendants admit that Coolframes LLC is a limited liability organized under the laws of New York, and that Lee Weissman and David Weissman are residents of New Jersey.

14.     The allegations contained in Paragraph 14 of the Complaint constitute legal conclusions rather than allegations of fact and therefore no response is required.

15.     The allegations contained in Paragraph 15 of the Complaint constitute legal conclusions rather than allegations of fact and therefore no response is required.

## FACTUAL ALLEGATIONS

16.     Defendants admits the allegations contained in Paragraph 16 of the Complaint

17.     The allegations contained in Paragraph 17 of the Complaint constitute legal conclusions rather than allegations of fact and therefore no response is required.  To the extent a response is required, Defendants lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 17 of the Complaint and leave Plaintiff to its proofs.

18.     The allegations contained in Paragraph 18 of the Complaint constitute legal conclusions rather than allegations of fact and therefore no response is required.  To the extent a response is required, Defendants lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 18 of the Complaint and leave Plaintiff to its proofs.

19.     Defendants admit as to the ownership interest of the entity contained in Paragraph 19 of the Complaint, and neither confirm or deny additional allegations contained in this Paragraph

4934-1140-5757, v. 2

and leave Plaintiff to its proofs.

20.     The allegations contained in Paragraph 17 of the Complaint constitute legal conclusions rather than allegations of fact and therefore no response is required.  To the extent a response is required, Defendants lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 16 of the Complaint and leave Plaintiff to its proofs.

21.     Defendants neither admit or deny the allegations contained in Paragraph 21 of the Complaint and leave Plaintiff to its proofs.

22.     Defendants neither admit or deny the allegations contained in Paragraph 22 of the Complaint and leave Plaintiff to its proofs.

23.     Defendants neither admit or deny the allegations contained in Paragraph 23 of the Complaint and leave Plaintiff to its proofs.

24.     Defendants neither admit or deny the allegations contained in Paragraph 24 of the Complaint and leave Plaintiff to its proofs.

25.     Defendants neither admit or deny the allegations contained in Paragraph 25 of the Complaint and leave Plaintiff to its proofs.

26.     Defendants neither admit or deny the allegations contained in Paragraph 26 of the Complaint and leave Plaintiff to its proofs.

27.     Defendants neither admit or deny the allegations contained in Paragraph 27 of the Complaint and leave Plaintiff to its proofs.

28.     Defendants neither admit or deny the allegations contained in Paragraph 28 of the Complaint and leave Plaintiff to its proofs.

29.     Defendants neither admit or deny the allegations contained in Paragraph 29 of the

4934-1140-5757, v. 2

Complaint and leave Plaintiff to its proofs.

30.    Defendants neither admit or deny the allegations contained in Paragraph 30 of the Complaint and leave Plaintiff to its proofs.

31.    Defendants neither admit or deny the allegations contained in Paragraph 31 of the Complaint and leave Plaintiff to its proofs.

32.    The allegations contained in Paragraph 32 of the Complaint constitute legal conclusions rather than allegations of fact and therefore no response is required. To the extent a response is required, the Defendants neither admit or deny the allegations contained in Paragraph 32 of the Complaint and leave Plaintiff to its proofs.

33.    The allegations contained in Paragraph 33 of the Complaint constitute legal conclusions rather than allegations of fact and therefore no response is required. To the extent a response is required, the Defendants neither admit or deny the allegations contained in Paragraph 33 of the Complaint and leave Plaintiff to its proofs.

34.    The allegations contained in Paragraph 34 of the Complaint constitute legal conclusions rather than allegations of fact and therefore no response is required. To the extent a response is required, the Defendants neither admit or deny the allegations contained in Paragraph 34 of the Complaint and leave Plaintiff to its proofs.

35.    Defendants neither admit or deny the allegations contained in Paragraph 35 of the Complaint and leave Plaintiff to its proofs.

36.    Defendants neither admit or deny the allegations contained in Paragraph 36 of the Complaint and leave Plaintiff to its proofs.

37.    Defendants neither admit or deny the allegations contained in Paragraph 37 of the Complaint and leave Plaintiff to its proofs.

4934-1140-5757, v. 2

38. The allegations contained in Paragraph 38 of the Complaint constitute legal conclusions rather than allegations of fact and therefore no response is required. To the extent a response is required, the Defendants neither admit or deny the allegations contained in Paragraph 38 of the Complaint and leave Plaintiff to its proofs.

39. Defendants neither admit or deny the allegations contained in Paragraph 39 of the Complaint and leave Plaintiff to its proofs.

40. Defendants neither admit or deny the allegations contained in Paragraph 40 of the Complaint and leave Plaintiff to its proofs.

41. Defendants neither admit or deny the allegations contained in Paragraph 41 of the Complaint and leave Plaintiff to its proofs.

42. Defendants neither admit or deny the allegations contained in Paragraph 42 of the Complaint and leave Plaintiff to its proofs.

43. Defendants neither admit or deny the allegations contained in Paragraph 37 of the Complaint and leave Plaintiff to its proofs.

44. The allegations contained in Paragraph 44 of the Complaint constitute legal conclusions rather than allegations of fact and therefore no response is required. To the extent a response is required, the Defendants neither admit or deny the allegations contained in Paragraph 44 of the Complaint and leave Plaintiff to its proofs.

45. The allegations contained in Paragraph 45 of the Complaint constitute legal conclusions rather than allegations of fact and therefore no response is required. To the extent a response is required, the Defendants neither admit or deny the allegations contained in Paragraph 45 of the Complaint and leave Plaintiff to its proofs.

46. The allegations contained in Paragraph 46 of the Complaint constitute legal

conclusions rather than allegations of fact and therefore no response is required. To the extent a response is required, the Defendants neither admit or deny the allegations contained in Paragraph 46 of the Complaint and leave Plaintiff to its proofs.

47.     Defendants neither admit or deny the allegations contained in Paragraph 47 of the Complaint and leave Plaintiff to its proofs.

48.     Defendants neither admit or deny the allegations contained in Paragraph 48 of the Complaint and leave Plaintiff to its proofs.

49.     Defendants neither admit or deny the allegations contained in Paragraph 49 of the Complaint and leave Plaintiff to its proofs.

50.     Defendants neither admit or deny the allegations contained in Paragraph 50 of the Complaint and leave Plaintiff to its proofs.

51.     Defendants neither admit or deny the allegations contained in Paragraph 51 of the Complaint and leave Plaintiff to its proofs.

52.     Defendants deny the allegations contained in Paragraph 52 of the Complaint.

53.     Defendants neither admit or deny the allegations contained in Paragraph 53 of the Complaint and leave Plaintiff to its proofs.

54.     The allegations contained in Paragraph 54 of the Complaint constitute legal conclusions rather than allegations of fact and therefore no response is required. To the extent a response is required, the Defendants neither admit or deny the allegations contained in Paragraph 54 of the Complaint and leave Plaintiff to its proofs.

55.     The allegations contained in Paragraph 55 of the Complaint constitute legal conclusions rather than allegations of fact and therefore no response is required. To the extent a response is required, the Defendants neither admit or deny the allegations contained in Paragraph

4934-1140-5757, v. 2

55 of the Complaint and leave Plaintiff to its proofs.

56. The allegations contained in Paragraph 56 of the Complaint constitute legal conclusions rather than allegations of fact and therefore no response is required. To the extent a response is required, the Defendants neither admit or deny the allegations contained in Paragraph 56 of the Complaint and leave Plaintiff to its proofs.

57. The allegations contained in Paragraph 57 of the Complaint constitute legal conclusions rather than allegations of fact and therefore no response is required. To the extent a response is required, the Defendants neither admit or deny the allegations contained in Paragraph 57 of the Complaint and leave Plaintiff to its proofs.

58. The allegations contained in Paragraph 58 of the Complaint constitute legal conclusions rather than allegations of fact and therefore no response is required. To the extent a response is required, the Defendants neither admit or deny the allegations contained in Paragraph 58 of the Complaint and leave Plaintiff to its proofs.

59. The allegations contained in Paragraph 59 of the Complaint constitute legal conclusions rather than allegations of fact and therefore no response is required. To the extent a response is required, the Defendants neither admit or deny the allegations contained in Paragraph 59 of the Complaint and leave Plaintiff to its proofs.

60. Defendants neither admit or deny the allegations contained in Paragraph 60 of the Complaint and leave Plaintiff to its proofs.

61. Defendants neither admit or deny the allegations contained in Paragraph 61 of the Complaint and leave Plaintiff to its proofs.

62. The allegations contained in Paragraph 62 of the Complaint constitute legal conclusions rather than allegations of fact and therefore no response is required. To the extent a

response is required, the Defendants neither admit or deny the allegations contained in Paragraph 62 of the Complaint and leave Plaintiff to its proofs.

63. The allegations contained in Paragraph 63 of the Complaint constitute legal conclusions rather than allegations of fact and therefore no response is required. To the extent a response is required, the Defendants neither admit or deny the allegations contained in Paragraph 63 of the Complaint and leave Plaintiff to its proofs.

64. Defendants neither admit or deny the allegations contained in Paragraph 64 of the Complaint and leave Plaintiff to its proofs.

65. Defendants neither admit or deny the allegations contained in Paragraph 65 of the Complaint and leave Plaintiff to its proofs.

66. Defendants neither admit or deny the allegations contained in Paragraph 66 of the Complaint and leave Plaintiff to its proofs.

67. The allegations contained in Paragraph 67 of the Complaint constitute legal conclusions rather than allegations of fact and therefore no response is required. To the extent a response is required, the Defendants neither admit or deny the allegations contained in Paragraph 67 of the Complaint and leave Plaintiff to its proofs.

68. The allegations contained in Paragraph 68 of the Complaint constitute legal conclusions rather than allegations of fact and therefore no response is required. To the extent a response is required, the Defendants neither admit or deny the allegations contained in Paragraph 68 of the Complaint and leave Plaintiff to its proofs.

69. Defendants neither admit or deny the allegations contained in Paragraph 69 of the Complaint and leave Plaintiff to its proofs.

70. Defendants neither admit or deny the allegations contained in Paragraph 70 of the

4934-1140-5757, v. 2

Complaint and leave Plaintiff to its proofs.

71.    Defendants neither admit or deny the allegations contained in Paragraph 71 of the Complaint and leave Plaintiff to its proofs.

72.    Defendants neither admit or deny the allegations contained in Paragraph 72 of the Complaint and leave Plaintiff to its proofs.

73.    Defendants denies the allegations contained in Paragraph 73 of the Complaint and leave Plaintiff to its proofs.

74.    Defendants denies the allegations contained in Paragraph 74 of the Complaint and leave Plaintiff to its proofs.

75.    Defendants neither admit or deny the allegations contained in Paragraph 75 of the Complaint and leave Plaintiff to its proofs.

76.    Defendants neither admit or deny the allegations contained in Paragraph 76 of the Complaint and leave Plaintiff to its proofs.

77.    Defendants neither admit or deny the allegations contained in Paragraph 77 of the Complaint and leave Plaintiff to its proofs.

78.    Defendants neither admit or deny the allegations contained in Paragraph 78 of the Complaint and leave Plaintiff to its proofs.

79.    The allegations contained in Paragraph 79 of the Complaint constitute legal conclusions rather than allegations of fact and therefore no response is required. To the extent a response is required, the Defendants neither admit or deny the allegations contained in Paragraph 79 of the Complaint and leave Plaintiff to its proofs.

## ANSWER TO ALLEGATIONS IN COUNT I

80.    Defendants incorporate by reference its answers to the foregoing allegations as if

4934-1140-5757, v. 2

fully set forth herein.

81.     The allegations contained in Paragraph 81 of the Complaint constitute legal conclusions rather than allegations of fact and therefore no response is required. To the extent a response is required, the Defendants neither admit or deny the allegations contained in Paragraph 81 of the Complaint and leave Plaintiff to its proofs.

82.     The allegations contained in Paragraph 82 of the Complaint constitute legal conclusions rather than allegations of fact and therefore no response is required. To the extent a response is required, the Defendants neither admit or deny the allegations contained in Paragraph 82 of the Complaint and leave Plaintiff to its proofs.

83.     Defendants deny the allegations contained in Paragraph 83 of the Complaint.

84.     Defendants deny the allegations contained in Paragraph 84 of the Complaint.

85.     Defendants deny the allegations contained in Paragraph 85 of the Complaint.

WHEREFORE, Defendants deny any and all alleged liability in this matter, requests that judgment be entered in its favor and against Plaintiff, with attorneys' fees and costs assessed, and requests that this Court grant such further relief as it deems just and appropriate.

## ANSWER TO ALLEGATIONS IN COUNT II

86.     Defendants incorporate by reference its answers to the foregoing allegations as if fully set forth herein.

87.     The allegations contained in Paragraph 87 of the Complaint constitute legal conclusions rather than allegations of fact and therefore no response is required. To the extent a response is required, the Defendants neither admit or deny the allegations contained in Paragraph 87 of the Complaint and leave Plaintiff to its proofs.

88.     The allegations contained in Paragraph 88 of the Complaint constitute legal

conclusions rather than allegations of fact and therefore no response is required. To the extent a response is required, the Defendants neither admit or deny the allegations contained in Paragraph 88 of the Complaint and leave Plaintiff to its proofs.

89.     The allegations contained in Paragraph 89 of the Complaint constitute legal conclusions rather than allegations of fact and therefore no response is required. To the extent a response is required, the Defendants neither admit or deny the allegations contained in Paragraph 89 of the Complaint and leave Plaintiff to its proofs.

90.     The allegations contained in Paragraph 90 of the Complaint constitute legal conclusions rather than allegations of fact and therefore no response is required. To the extent a response is required, the Defendants neither admit or deny the allegations contained in Paragraph 90 of the Complaint and leave Plaintiff to its proofs.

WHEREFORE, Defendants deny any and all alleged liability in this matter, requests that judgment be entered in its favor and against Plaintiff, with attorneys' fees and costs assessed, and requests that this Court grant such further relief as it deems just and appropriate.

## ANSWER TO ALLEGATIONS IN COUNT III

91.     Defendants incorporate by reference its answers to the foregoing allegations as if fully set forth herein.

92.     The allegations contained in Paragraph 92 of the Complaint constitute legal conclusions rather than allegations of fact and therefore no response is required. To the extent a response is required, the Defendants neither admit or deny the allegations contained in Paragraph 92 of the Complaint and leave Plaintiff to its proofs.

93.     The allegations contained in Paragraph 93 of the Complaint constitute legal conclusions rather than allegations of fact and therefore no response is required. To the extent a

4934-1140-5757, v. 2

response is required, the Defendants neither admit or deny the allegations contained in Paragraph 93 of the Complaint and leave Plaintiff to its proofs.

94.     The allegations contained in Paragraph 94 of the Complaint constitute legal conclusions rather than allegations of fact and therefore no response is required. To the extent a response is required, the Defendants neither admit or deny the allegations contained in Paragraph 94 of the Complaint and leave Plaintiff to its proofs.

95.     The allegations contained in Paragraph 95 of the Complaint constitute legal conclusions rather than allegations of fact and therefore no response is required. To the extent a response is required, the Defendants neither admit or deny the allegations contained in Paragraph 95 of the Complaint and leave Plaintiff to its proofs.

WHEREFORE, Defendants deny any and all alleged liability in this matter, requests that judgment be entered in its favor and against Plaintiff, with attorneys' fees and costs assessed, and requests that this Court grant such further relief as it deems just and appropriate.

### ANSWER TO ALLEGATIONS IN COUNT IV

96.     Defendants incorporate by reference its answers to the foregoing allegations as if fully set forth herein.

97.     The allegations contained in Paragraph 97 of the Complaint constitute legal conclusions rather than allegations of fact and therefore no response is required. To the extent a response is required, the Defendants neither admit or deny the allegations contained in Paragraph 97 of the Complaint and leave Plaintiff to its proofs.

98.     The allegations contained in Paragraph 98 of the Complaint constitute legal conclusions rather than allegations of fact and therefore no response is required. To the extent a response is required, the Defendants neither admit or deny the allegations contained in Paragraph

4934-1140-5757, v. 2

98 of the Complaint and leave Plaintiff to its proofs.

99.    The allegations contained in Paragraph 99 of the Complaint constitute legal conclusions rather than allegations of fact and therefore no response is required. To the extent a response is required, the Defendants neither admit or deny the allegations contained in Paragraph 99 of the Complaint and leave Plaintiff to its proofs.

WHEREFORE, Defendants deny any and all alleged liability in this matter, requests that judgment be entered in its favor and against Plaintiff, with attorneys' fees and costs assessed, and requests that this Court grant such further relief as it deems just and appropriate.

## ANSWER TO ALLEGATIONS IN COUNT V

100.    Defendants incorporate by reference its answers to the foregoing allegations as if fully set forth herein.

101.    The allegations contained in Paragraph 101 of the Complaint constitute legal conclusions rather than allegations of fact and therefore no response is required. To the extent a response is required, the Defendants neither admit or deny the allegations contained in Paragraph 101 of the Complaint and leave Plaintiff to its proofs.

102.    The allegations contained in Paragraph 102 of the Complaint constitute legal conclusions rather than allegations of fact and therefore no response is required. To the extent a response is required, the Defendants neither admit or deny the allegations contained in Paragraph 102 of the Complaint and leave Plaintiff to its proofs.

103.    The allegations contained in Paragraph 103 of the Complaint constitute legal conclusions rather than allegations of fact and therefore no response is required. To the extent a response is required, the Defendants neither admit or deny the allegations contained in Paragraph 103 of the Complaint and leave Plaintiff to its proofs.

4934-1140-5757, v. 2

WHEREFORE, Defendants deny any and all alleged liability in this matter, requests that judgment be entered in its favor and against Plaintiff, with attorneys' fees and costs assessed, and requests that this Court grant such further relief as it deems just and appropriate.

## ANSWER TO ALLEGATIONS IN COUNT VI

104.    Defendants incorporate by reference its answers to the foregoing allegations as if fully set forth herein.

105.    The allegations contained in Paragraph 105 of the Complaint constitute legal conclusions rather than allegations of fact and therefore no response is required. To the extent a response is required, the Defendants neither admit or deny the allegations contained in Paragraph 105  of the Complaint and leave Plaintiff to its proofs.

106.    The allegations contained in Paragraph 106 of the Complaint constitute legal conclusions rather than allegations of fact and therefore no response is required. To the extent a response is required, the Defendants neither admit or deny the allegations contained in Paragraph 106 of the Complaint and leave Plaintiff to its proofs.

107.    The allegations contained in Paragraph 107 of the Complaint constitute legal conclusions rather than allegations of fact and therefore no response is required. To the extent a response is required, the Defendants neither admit or deny the allegations contained in Paragraph 107 of the Complaint and leave Plaintiff to its proofs.

WHEREFORE, Defendants deny any and all alleged liability in this matter, requests that judgment be entered in its favor and against Plaintiff, with attorneys' fees and costs assessed, and requests that this Court grant such further relief as it deems just and appropriate.

## ANSWER TO ALLEGATIONS IN COUNT VII

108.    Defendants incorporate by reference its answers to the foregoing allegations as if

fully set forth herein.

109.    The allegations contained in Paragraph 109 of the Complaint constitute legal conclusions rather than allegations of fact and therefore no response is required. To the extent a response is required, the Defendants neither admit or deny the allegations contained in Paragraph 109 of the Complaint and leave Plaintiff to its proofs.

110.    The allegations contained in Paragraph 110 of the Complaint constitute legal conclusions rather than allegations of fact and therefore no response is required. To the extent a response is required, the Defendants neither admit or deny the allegations contained in Paragraph 110 of the Complaint and leave Plaintiff to its proofs.

111.    The allegations contained in Paragraph 111 of the Complaint constitute legal conclusions rather than allegations of fact and therefore no response is required. To the extent a response is required, the Defendants neither admit or deny the allegations contained in Paragraph 111 of the Complaint and leave Plaintiff to its proofs.

WHEREFORE, Defendants deny any and all alleged liability in this matter, requests that judgment be entered in its favor and against Plaintiff, with attorneys' fees and costs assessed, and requests that this Court grant such further relief as it deems just and appropriate.

### ANSWER TO ALLEGATIONS IN COUNT VIII

112.    Defendants incorporate by reference its answers to the foregoing allegations as if fully set forth herein.

113.    The allegations contained in Paragraph 113 of the Complaint constitute legal conclusions rather than allegations of fact and therefore no response is required. To the extent a response is required, the Defendants neither admit or deny the allegations contained in Paragraph 113 of the Complaint and leave Plaintiff to its proofs.

4934-1140-5757, v. 2

114. The allegations contained in Paragraph 114 of the Complaint constitute legal conclusions rather than allegations of fact and therefore no response is required. To the extent a response is required, the Defendants neither admit or deny the allegations contained in Paragraph 114 of the Complaint and leave Plaintiff to its proofs.

115. The allegations contained in Paragraph 115 of the Complaint constitute legal conclusions rather than allegations of fact and therefore no response is required. To the extent a response is required, the Defendants neither admit or deny the allegations contained in Paragraph 115 of the Complaint and leave Plaintiff to its proofs.

WHEREFORE, Defendants deny any and all alleged liability in this matter, requests that judgment be entered in its favor and against Plaintiff, with attorneys' fees and costs assessed, and requests that this Court grant such further relief as it deems just and appropriate.

## ANSWER TO ALLEGATIONS IN COUNT IX

116. Defendants incorporate by reference its answers to the foregoing allegations as if fully set forth herein.

117. Defendants lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 117 of the Complaint and leave Plaintiff to its proofs.

118. Defendants neither admit or deny the allegations contained in Paragraph 118 of the Complaint and leave Plaintiff to its proofs.

119. Defendants neither admit or deny the allegations contained in Paragraph 119 of the Complaint and leave Plaintiff to its proofs.

120. The allegations contained in Paragraph 120 of the Complaint constitute legal conclusions rather than allegations of fact and therefore no response is required. To the

4934-1140-5757, v. 2

extent a response is required, the Defendants neither admit or deny the allegations contained in Paragraph 120 of the Complaint and leave Plaintiff to its proofs.

121.    The allegations contained in Paragraph 121 of the Complaint constitute legal conclusions rather than allegations of fact and therefore no response is required. To the extent a response is required, the Defendants neither admit or deny the allegations contained in Paragraph 121 of the Complaint and leave Plaintiff to its proofs.

122.    The allegations contained in Paragraph 122 of the Complaint constitute legal conclusions rather than allegations of fact and therefore no response is required. To the extent a response is required, the Defendants neither admit or deny the allegations contained in Paragraph 122 of the Complaint and leave Plaintiff to its proofs.

WHEREFORE, Defendants deny any and all alleged liability in this matter, requests that judgment be entered in its favor and against Plaintiff, with attorneys' fees and costs assessed, and requests that this Court grant such further relief as it deems just and appropriate.

## ANSWER TO ALLEGATIONS IN COUNT X

123.    Defendants incorporate by reference its answers to the foregoing allegations as if fully set forth herein.

124.    The allegations contained in Paragraph 124 of the Complaint constitute legal conclusions rather than allegations of fact and therefore no response is required. To the extent a response is required, the Defendants neither admit or deny the allegations contained in Paragraph 124 of the Complaint and leave Plaintiff to its proofs.

125.    Defendants neither admit or deny the allegations contained in Paragraph 125 of the Complaint and leave Plaintiff to its proofs.

126.    The allegations contained in Paragraph 126 of the Complaint constitute legal

conclusions rather than allegations of fact and therefore no response is required. To the extent a response is required, the Defendants neither admit or deny the allegations contained in Paragraph 126 of the Complaint and leave Plaintiff to its proofs.

127. Defendants deny the allegations contained in Paragraph 127 of the Complaint.

128. The allegations contained in Paragraph 128 of the Complaint constitute legal conclusions rather than allegations of fact and therefore no response is required. To the extent a response is required, the Defendants neither admit or deny the allegations contained in Paragraph 128 of the Complaint and leave Plaintiff to its proofs.

WHEREFORE, Defendants deny any and all alleged liability in this matter, requests that judgment be entered in its favor and against Plaintiff, with attorneys' fees and costs assessed, and requests that this Court grant such further relief as it deems just and appropriate.

## ANSWER TO ALLEGATIONS IN COUNT XI

129. Defendants incorporate by reference its answers to the foregoing allegations as if fully set forth herein.

130. G The allegations contained in Paragraph 130 of the Complaint constitute legal conclusions rather than allegations of fact and therefore no response is required. To the extent a response is required, the Defendants neither admit or deny the allegations contained in Paragraph 130 of the Complaint and leave Plaintiff to its proofs

131. Defendants neither admit or deny the allegations contained in Paragraph 131 of the Complaint and leave Plaintiff to its proofs.

132. The allegations contained in Paragraph 132 of the Complaint constitute legal conclusions rather than allegations of fact and therefore no response is required. To the

extent a response is required, the Defendants neither admit or deny the allegations contained in Paragraph 132 of the Complaint and leave Plaintiff to its proofs.

133.    The allegations contained in Paragraph 133 of the Complaint constitute legal conclusions rather than allegations of fact and therefore no response is required. To the extent a response is required, the Defendants neither admit or deny the allegations contained in Paragraph 133 of the Complaint and leave Plaintiff to its proofs.

WHEREFORE, Defendants deny any and all alleged liability in this matter, requests that judgment be entered in its favor and against Plaintiff, with attorneys' fees and costs assessed, and requests that this Court grant such further relief as it deems just and appropriate.

## ANSWER TO ALLEGATIONS IN COUNT XII

134.    Defendants incorporate by reference its answers to the foregoing allegations as if fully set forth herein.

135.    Defendants neither admit or deny the allegations contained in Paragraph 135 of the Complaint and leave Plaintiff to its proofs.

136.    Defendants deny the allegations contained in Paragraph 136 of the Complaint and leave Plaintiff to its proofs.

137.    Defendants deny the allegations contained in Paragraph 137 of the Complaint and leave Plaintiff to its proofs.

138.    Defendants deny the allegations contained in Paragraph 138 of the Complaint and leave Plaintiff to its proofs.

139.    The allegations contained in Paragraph 139 of the Complaint constitute legal conclusions rather than allegations of fact and therefore no response is required. To the extent a response is required, the Defendants neither admit or deny the allegations

4934-1140-5757, v. 2

contained in Paragraph 139 of the Complaint and leave Plaintiff to its proofs.

140.    The allegations contained in Paragraph 140 of the Complaint constitute legal conclusions rather than allegations of fact and therefore no response is required. To the extent a response is required, the Defendants neither admit or deny the allegations contained in Paragraph 140 of the Complaint and leave Plaintiff to its proofs.

WHEREFORE, Defendants deny any and all alleged liability in this matter, requests that judgment be entered in its favor and against Plaintiff, with attorneys' fees and costs assessed, and requests that this Court grant such further relief as it deems just and appropriate.

## ANSWER TO ALLEGATIONS IN COUNT XIII

141.    Defendants incorporate by reference its answers to the foregoing allegations as if fully set forth herein.

142.    The allegations contained in Paragraph 142 of the Complaint constitute legal conclusions rather than allegations of fact and therefore no response is required. To the extent a response is required, the Defendants neither admit or deny the allegations contained in Paragraph 142 of the Complaint and leave Plaintiff to its proofs.

143.    The allegations contained in Paragraph 143 of the Complaint constitute legal conclusions rather than allegations of fact and therefore no response is required. To the extent a response is required, the Defendants neither admit or deny the allegations contained in Paragraph 143 of the Complaint and leave Plaintiff to its proofs.

144.    Defendants deny the allegations contained in Paragraph 144 of the Complaint and leave Plaintiff to its proofs.

145.    The allegations contained in Paragraph 145 of the Complaint constitute legal conclusions rather than allegations of fact and therefore no response is required. To the

4934-1140-5757, v. 2

extent a response is required, the Defendants neither admit or deny the allegations contained in Paragraph 145 of the Complaint and leave Plaintiff to its proofs.

WHEREFORE, Defendants deny any and all alleged liability in this matter, requests that judgment be entered in its favor and against Plaintiff, with attorneys' fees and costs assessed, and requests that this Court grant such further relief as it deems just and appropriate.

## ANSWER TO ALLEGATIONS IN COUNT XIV

146. Defendants incorporate by reference its answers to the foregoing allegations as if fully set forth herein.

147. Defendants neither admit or deny the allegations contained in Paragraph 147 of the Complaint and leave Plaintiff to its proofs.

148. Defendants neither admit or deny the allegations contained in Paragraph 148 of the Complaint and leave Plaintiff to its proofs.

149. The allegations contained in Paragraph 149 of the Complaint constitute legal conclusions rather than allegations of fact and therefore no response is required. To the extent a response is required, the Defendants neither admit or deny the allegations contained in Paragraph 149 of the Complaint and leave Plaintiff to its proofs.

150. The allegations contained in Paragraph 150 of the Complaint constitute legal conclusions rather than allegations of fact and therefore no response is required. To the extent a response is required, the Defendants neither admit or deny the allegations contained in Paragraph 150 of the Complaint and leave Plaintiff to its proofs.

151. The allegations contained in Paragraph 151 of the Complaint constitute legal conclusions rather than allegations of fact and therefore no response is required. To the extent a response is required, the Defendants neither admit or deny the allegations

4934-1140-5757, v. 2

contained in Paragraph 151 of the Complaint and leave Plaintiff to its proofs.

WHEREFORE, Defendants deny any and all alleged liability in this matter, requests that judgment be entered in its favor and against Plaintiff, with attorneys' fees and costs assessed, and requests that this Court grant such further relief as it deems just and appropriate.

## ANSWER TO ALLEGATIONS IN COUNT XV

152.	Defendants incorporate by reference its answers to the foregoing allegations as if fully set forth herein.

153.	The allegations contained in Paragraph 153 of the Complaint constitute legal conclusions rather than allegations of fact and therefore no response is required. To the extent a response is required, the Defendants neither admit or deny the allegations contained in Paragraph 153 of the Complaint and leave Plaintiff to its proofs.

154.	Defendants neither admit or deny the allegations contained in Paragraph 154 of the Complaint and leave Plaintiff to its proofs.

155.	Defendants deny the allegations contained in Paragraph 155 of the Complaint and leave Plaintiff to its proofs.

WHEREFORE, Defendants deny any and all alleged liability in this matter, requests that judgment be entered in its favor and against Plaintiff, with attorneys' fees and costs assessed, and requests that this Court grant such further relief as it deems just and appropriate.

## ANSWER TO ALLEGATIONS IN COUNT XVI

156.	Defendants incorporate by reference its answers to the foregoing allegations as if fully set forth herein.

157.	The allegations contained in Paragraph 157 of the Complaint constitute legal conclusions rather than allegations of fact and therefore no response is required. To the

4934-1140-5757, v. 2

extent a response is required, the Defendants neither admit or deny the allegations contained in Paragraph 157 of the Complaint and leave Plaintiff to its proofs.

158.    The allegations contained in Paragraph 158 of the Complaint constitute legal conclusions rather than allegations of fact and therefore no response is required. To the extent a response is required, the Defendants neither admit or deny the allegations contained in Paragraph 158 of the Complaint and leave Plaintiff to its proofs.

159.    The allegations contained in Paragraph 159 of the Complaint constitute legal conclusions rather than allegations of fact and therefore no response is required. To the extent a response is required, the Defendants neither admit or deny the allegations contained in Paragraph 159 of the Complaint and leave Plaintiff to its proofs.

WHEREFORE, Defendants deny any and all alleged liability in this matter, requests that judgment be entered in its favor and against Plaintiff, with attorneys' fees and costs assessed, and requests that this Court grant such further relief as it deems just and appropriate.

4934-1140-5757, v. 2

## DEFENDANTS' AFFIRMATIVE DEFENSES TO COMPLAINT

Without assuming the burden of proof where it otherwise rests with Plaintiff, Defendants assert the following affirmative defenses to Plaintiff's Complaint:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim for which the relief requested can be granted and Defendants reserve and do not waive its arguments relating to the legal sufficiency of Plaintiff's allegations.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to allege and cannot prove facts sufficient to show (1) that it suffered an injury in fact that is concrete, particularized, and actual or imminent; (2) that the injury was likely caused by Defendants; and (3) that the injury would likely be redressed by judicial relief. Accordingly, Plaintiff lacks standing to bring its claim before this Court, and this Court lacks subject matter jurisdiction to hear the Complaint under Article III of the United States Constitution.

### THIRD AFFIRMATIVE DEFENSE

To the extent Plaintiff suffered any alleged actual damages, the existence of which are expressly denied, the alleged damages were caused in whole or in part by Plaintiff's own acts, omissions, failures to mitigate, or breaches of any purported contract between the parties.

### FOURTH AFFIRMATIVE DEFENSE

To the extent Plaintiff suffered any alleged actual damages, the existence of which are expressly denied, the alleged damages were caused in whole or in part by individuals and/or entities over whom Defendants had no control, right of control, or responsibility.

4934-1140-5757, v. 2

## FIFTH AFFIRMATIVE DEFENSE

To the extent Plaintiff suffered any alleged actual damages, the existence of which are expressly denied, the alleged damages are barred and/or limited in whole or in part by Plaintiff's own failure to mitigate her alleged damages.

## SIXTH AFFIRMATIVE DEFENSE

Defendants denies that it engaged in any violation of law or that it is otherwise liable to Plaintiff under the Latham Act, the Defend Trade Secrets Act, and the Computer Fraud and Abuse Act. Nevertheless, any statutory violation alleged of the by Defendants, which alleged violation Defendants expressly denies, would have occurred despite Defendants' establishment and implementation with due care of reasonable practices and procedures to effectively prevent violations of the Latham Act, the Defend Trade Secrets Act, and the Computer Fraud and Abuse Act, and Plaintiff's claims against Defendants are therefore barred in whole or in part.

## SEVENTH AFFIRMATIVE DEFENSE

Any claim for exemplary or punitive damages or emergent relief alleged by Plaintiff or sought from Defendants violates Defendants' rights under the Due Process and Excessive Fines clauses of the Fifth and Eighth Amendments to the United States Constitution.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Defendant are barred by the doctrines of Latches, Waiver and/or Unclean Hands.

4934-1140-5757, v. 2

## NINTH AFFIRMATIVE DEFENSE

Plaintiff breached the contract controlling the parties' relationship and have caused the Defendants damage by failing to pay the Defendants post-closing costs associated with the operating and expenses of the purchased entity.

WHEREFORE, Defendants requests that judgment be entered in its favor and against Plaintiff, with costs and attorneys' fees assessed, and requests that this Court provide such further and additional relief as it deems just and appropriate.

The above affirmative defenses are based on the facts currently known to Defendants, and Defendants' reserve the right to amend or add affirmative defenses based on facts that may later be discovered, pled, or offered.

## Demand for Attorneys' Fees

Defendants is entitled to recover its costs, expenses, and attorneys' fees pursuant to 28 U.S.C. § 1927 as Plaintiff's allegations are without legal and factual merit, and/or are asserted unreasonably and vexatiously.

## COUNTERCLAIMS

160.     Defendants-Counterclaim Plaintiffs, Coolframes, LLC, Lee Weissman, and David Weissman ("Coolframes"), by way of Counterclaims against the Plaintiff-Counterclaim Defendant Blessing Investment Group LG, LLC ("Blessing"), states as follows:

## PARTIES

161.     Coolframes incorporates its responses to the allegations contained in the Verified Complaint and their Affirmative Defenses.

162.     Coolframes is a limited liability company organized under the laws of the State of

4934-1140-5757, v. 2

New York and engages in the sale and distribution of eyewear.

163.    Blessing is a limited liability company organized under the laws of the State of Wisconsin, with a principal place of business located at 711 La Grange Drive, Lake Geneva, Wisconsin 53147.

164.    Upon information and belief, Blessing is managed, owned and operated by Dan Blessing.

**FACTS**

165.    Upon information and belief, the parties executed the original Asset Purchase Agreement ("APA") on October 22, 2025. See, Plaintiff's Complaint at **Exhibit 1.**

166.    Upon information and belief, the parties executed the Commercial Sublease Agreement (the "Sublease") whereby Blessing would occupy the premises located at 2907 Ocean Avenue, Brooklyn, New York 11235 (hereinafter "leasehold premises"). See, Plaintiff's Complaint at **Exhibit 3**.

167.    Upon information and belief, the Plaintiff took possession of the leasehold premises on December 15, 2025, on or about the same time as the parties' closed on the APA for the entity.

168.    The original Sublease states that the "term of this Sublease shall commence on September 22, 2025, and shall continue on a month-to-month basis unless terminated earlier in accordance with Section 4." Id.

169.    The Sublease further states that no rent would be due for the first six (6) months of Blessing's leasehold, ending on March 31, 2026. Id.

170.    Blessing received the benefit of this condition of the Sublease and did not pay rent for the six (6) months subsequent to taking possession of the leasehold premises on

4934-1140-5757, v. 2

December 15, 2025, and to date, Blessing has never made a single rental payment for the leasehold.

171.    Under the Sublease, Blessing was required to "maintain the Premises in good condition, reasonable wear and tear excepted." Id.

172.    On or about July 6, 2026, Coolframes learned that Blessing left the leasehold premises without notice, engaged in self-help measures by locking various doors to the leasehold premises, and removed certain fixtures and electronic wiring with the leasehold premises.

173.    Coolframes is still in process of calculating the cost to repair the damages caused by Blessing.

174.    Conversely, Coolframes has calculated and documented the out-of-pocket expenses it has incurred post-closing, and pursuant to the APA, Blessing is responsible to reimburse Coolframes for these operational and business expenses.

175.    As previously stated, the closing took place on or about December 15, 2025, and shortly thereafter, since December 19, 2025 (and through approximately February 2, 2026), Coolframes continued to make bank and credit card payments towards operational costs, despite having already sold and relinquished ownership of the entity to Blessing.

176.    These business expenses include—and are not limited to—payments for shipping, stamps, Google Workspace, Amazon, UPS, Facebook and Facebook advertisements, and web service providers and vendors.

177.    In total, Coolframes has spent $56,053.00 on post-closing business expenses and costs that Blessing is obligated to pay back under the parties' agreement.

178.    As evidence above, Coolframes made good-faith efforts to unwind the company

4934-1140-5757, v. 2

and continued to make payments towards operational costs of the entity.

179.    Despite that, Blessing filed its Verified Complaint and Order to Show Cause seeking emergent relief.

180.    Coolframes immediately addressed the issues and disputes asserted in Blessing's Order to Show Cause, and the parties were able to negotiate and resolve these "end of process" disputes.

181.    Although these disputes—and those asserted in the Order to Show Cause—were resolved, the $56,053.00 on post-closing losses that Coolframes sustained has not been resolved, despite numerous requests for reimbursement from Blessing.

182.    In its Complaint, Blessing has also alleged that it is due $467,000.00 in funds from Customer Deposits.

183.    Coolframes fundamentally disputes this allegation and has—again, in good faith—requested that Blessing provide any and all proofs and documentary evidence of these Customer Deposit, which Blessing has not.

184.    Blessing further alleges deficiencies with inventory, raising the issue approximately four (4) months after receipt of the goods—which it willingly received, marketed, and sold—without any return or rejection of the goods or inventory received, and has waived any rights by accepting and profiting from receipt of these goods.

185.    Without any proofs or evidence to support its claims, Blessing has alleged and asserted millions in dollars of damages against the Counterclaimant.

186.    In truth, Blessing still owes the Counterclaimant nearly two million dollars for the balance of the consideration in the executed APA due in December 2027, and Blessing has repeatedly failed to perform its duties under the parties' contract and reimburse Coolframes

4934-1140-5757, v. 2

the $56,053.00 for the post-closing business costs that Coolframes has expended since December 15, 2025.

## COUNT ONE—BREACH OF CONTRACT

187.     Counterclaimant repeats each and every allegation as set forth above and incorporates the same by refence as if set forth in length herein.

188.     The parties entered into an agreement and therefore it is governed by laws of contract in the State of New York.

189.     Coolframes expended substantial funds to keep business operations afloat and business accounts current after the December 15, 2025, closing, and continued to do so for months after the sale date.

190.     As a result of Blessing's breach, Coolframes has suffered $56,053.00 in financial losses by post-closing payments made to business operations and expenses.

191.     Blessing has willfully refused to reimburse Coolframes for post-closing expenses, in breach of the Asset Purchase Agreement.

**WHEREFORE,** Counterclaimant demands judgment against Blessing for:

      a.  Actual damages;

      b.  Consequential damages;

      c.  Costs and attorney's fees; and

      d.  Any such relief as the Court deems just and equitable.

## COUNT TWO

### Breach of Covenant of Good Faith and Fair Dealing

192.     Counterclaimant repeats each and every allegation as set forth above and incorporates the same by refence as if set forth in length herein.

4934-1140-5757, v. 2

193. Blessing failed to reject or return inventory, and instead, marketed, sold, and even exchanged portions of the inventory it received from Coolframes in December 2025 and then profited from the sale of these goods;

194. In fact, not only did Blessing accepted the inventory from Coolframes, Blessing exchanged inventory for the latest styles and Coolframes should be compensated for the sale of that inventory;

195. Therefore, Blessing has waived any rights to disclaim or reject this inventory from Coolframes;

196. Blessing has also failed to comply with the parties' agreement and reimburse Coolframes for post-closing business expenses and  has breached the covenant of good faith and fair dealing by claiming any deficiency of inventory it accepted, exchanged and sold;

197. As a result of Blessings wrongful conduct, the Counterclaimant has been irreparable harmed.

**WHEREFORE,** Counterclaimant demands judgment against Blessing for:

    a. Actual damages;

    b. Consequential damages;

    c. Costs and attorney's fees; and

    d. Any such relief as the Court deems just and equitable.

**COUNT THREE**

**Unjust enrichment**

198. Counterclaimant repeats each and every allegation as set forth above and incorporates the same by refence as if set forth in length herein.

4934-1140-5757, v. 2

199.    Blessing had an obligation to reimburse Coolframes for the post-closing business expenses that Coolframes put forth in good-faith to keep the business operational;

200.    Because Blessing's refused to comply APA and reimburse Coolframes for monies paid towards operational costs,  Blessing has been unjustly enriched by failing to pay back post-closing business expenses to Coolframes;

201.    As a result of Blessing's wrongful conduct, the Counterclaimant has been irreparable harmed.

**WHEREFORE,** Counterclaimant demands judgment against Blessing for:

    a.  Actual damages;

    b.  Consequential damages;

    c.  Costs and attorney's fees; and

    d.  Any such relief as the Court deems just and equitable.

## COUNT FOUR

### RESERVATION OF DEFENSES AND OBJECTIONS

Defendant/Counterclaimant reserves the right to interpose such other affirmative defenses and/or objections as a continuing investigation may disclose.

### JURY DEMAND

Defendant/Counterclaimant demands a trial by jury on all issues so triable.

### NOTICE TO PRESERVE ELECTRONIC DATA

This Notice is to advise Plaintiff that Defendant intends to discover Plaintiff's documents and things including electronically stored and maintained data, whether stored locally or in "the cloud" by Plaintiff or another person or entity, and hereby instruct Plaintiff to preserve all such

4934-1140-5757, v. 2

data relevant to the claims and defenses of the parties to the above-captioned litigation, and to maintain the layout and configuration of Plaintiff's electronic devices — including, but not limited to, cell phones, laptop computers, desktop computers, mini computers, palm computers, tablets, and digital store devices (*e.g.*, any "thumb drives," "flash drives," or similar USB store devices, any external hard drives, and any "wireless" or remotely-accessed data storage devices)—until discovery is completed.  Plaintiff is prohibited from initiating or performing any activity, whether online or offline, which would or might result in the loss of electronic data which may be relevant to the claims or defenses of any party to this Action.  Such activity includes, but is not limited to, the compression, rotation, destruction or erasure of data, the de-fragmentation of any hard drives, and the purging of any databases, and the deletion of text messages and emails.  This Notice applies to data within Plaintiff's custody and control, as well as, data within the custody and control of Plaintiff's employees, associates, agents and representatives.

## PRAYER FOR RELIEF

**WHEREFORE**, Defendant respectfully requests that the Court enter judgment in their favor and against Plaintiff, dismissing the Complaint with prejudice, awarding Defendant reasonable attorneys' fees and expenses, awarding costs, and awarding such other relief as the Court may deem proper and just.

Dated:  July 15, 2026                                        Respectfully submitted,

By:   *s/ Eric I. Abraham*
        Eric I. Abraham
        William P. Murtha
        **HILL WALLACK LLP**

4934-1140-5757, v. 2

21 Roszel Road
Princeton, New Jersey 08543-5226
(609) 734-6358
eabraham@hillwallack.com


*Attorneys for Defendants Coolframes LLC, Lee Weismann, and David Weismann*

## CERTIFICATE OF SERVICE

I hereby certify that on **July 15, 2026**, I caused the foregoing document to be filed with the Clerk of Court using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

/s/ William P. Murtha

William P. Murtha

4934-1140-5757, v. 2