## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| BLESSING INVESTMENT GROUP LG LLC, a Wisconsin limited liability company, | Case No. 1:26-cv-01909-OEM-RML |
| Plaintiff/Counter-Defendant, | **PLAINTIFF'S ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANTS' AMENDED COUNTERCLAIMS** |
| v. | |
| COOLFRAMES, LLC, a New York limited liability company; LEE WEISSMAN, individually; and DAVID WEISSMAN, individually, | |
| Defendants/Counterclaimants. | |

**PLAINTIFF/COUNTERCLAIM-DEFENDANT BLESSING INVESTMENT GROUP LG LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANTS' AMENDED COUNTERCLAIMS**

Plaintiff/Counter-Defendant Blessing Investment Group LG LLC ("Blessing"), by and through its counsel, Litico Law Group, answers the Counterclaims set forth in Defendants Coolframes, LLC, Lee Weissman, and David Weissman's (collectively, "Defendants" or "Counterclaimants") Amended Answer, Affirmative Defenses and Counterclaims (ECF No. 24) (the "Amended Counterclaims") as follows. Blessing denies each and every allegation of the Amended Counterclaims that is not specifically and expressly admitted below, including all allegations contained in headings, unnumbered paragraphs, footnotes, and prayers for relief. Blessing notes that the Amended Counterclaims purport to define all three Defendants, collectively, as "Coolframes"; Blessing's responses to allegations concerning "Coolframes" are made with respect to Defendant Coolframes, LLC unless otherwise stated, and Blessing denies that Lee Weissman or David Weissman, individually, has any entitlement to the relief sought.

**PARTIES**

160. The allegations in Paragraph 160 constitute a preamble to which no response is required. To the extent a response is required, Blessing admits that Defendants purport to assert counterclaims against Blessing, but denies that Defendants are entitled to any relief whatsoever.

161. Paragraph 161 contains no allegations of fact and purports to incorporate Defendants' responses and affirmative defenses, to which no response is required. To the extent a response is required, Blessing denies the allegations, denies the affirmative defenses asserted in the Amended Answer, and incorporates by reference the allegations of its Verified Complaint (ECF No. 1).

162. Blessing admits that Coolframes, LLC is a limited liability company organized under the laws of the State of New York and that, prior to selling substantially all of its assets to Blessing, it engaged in the sale and distribution of eyewear. Blessing denies that Coolframes, LLC presently owns or is entitled to operate the eyewear business it sold to Blessing, and denies any remaining allegations of Paragraph 162.

163. Admitted.

164. Blessing admits that Dan Blessing is its manager. Blessing denies any remaining allegations of Paragraph 164.

**FACTS**

165. Blessing admits that Blessing and the Seller Parties executed the Asset Purchase Agreement dated October 22, 2025 (the "APA"), a copy of which is attached as Exhibit 1 to the Verified Complaint. The APA is a written document that speaks for itself, and Blessing denies any allegation or characterization inconsistent with its terms. Blessing denies any remaining allegations of Paragraph 165.

166. Blessing admits that Blessing and Coolframes, LLC executed the Commercial Sublease Agreement (the "Sublease") concerning the premises located at 2907 Ocean Avenue, Brooklyn, New

York 11235, a copy of which is attached as Exhibit 3 to the Verified Complaint. The Sublease is a written document that speaks for itself, and Blessing denies any allegation or characterization inconsistent with its terms. Blessing denies any remaining allegations of Paragraph 166.

167.     Blessing admits that the Closing under the APA occurred on or about December 15, 2025. The Sublease is a written document that speaks for itself, and Blessing denies any allegation or characterization inconsistent with its terms, and denies any remaining allegations of Paragraph 167.

168.     The allegations of Paragraph 168 purport to quote or characterize the Sublease, a written document that speaks for itself. Blessing denies any allegation or characterization inconsistent with the Sublease's terms.

169.     The allegations of Paragraph 169 purport to characterize the Sublease, a written document that speaks for itself. Blessing denies any allegation or characterization inconsistent with the Sublease's terms.

170.     Blessing admits that, pursuant to the terms of the Sublease, no rent was due during the rent abatement period provided therein. Blessing denies that it failed to pay any rent that was due and owing under the Sublease, and denies the remaining allegations of Paragraph 170, including any suggestion that Blessing received a benefit to which it was not contractually entitled.

171.     The allegations of Paragraph 171 purport to quote or characterize the Sublease, a written document that speaks for itself. Blessing denies any allegation or characterization inconsistent with the Sublease's terms.

172.     Denied. By way of further response, Blessing states that Defendants themselves demanded that Blessing vacate the premises, including by serving a purported notice of termination, that Blessing thereafter vacated the premises in an orderly and professional manner, and that Blessing did not engage in "self-help," did not damage the premises, and did not remove any fixtures or wiring belonging to Defendants.

173.    Blessing lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning Defendants' internal calculations, and on that basis denies them. Blessing expressly denies that it caused any damage to the premises for which Defendants are entitled to recover.

174.    Blessing admits that under Sections 2.3 and 2.5.4 of the APA, it is responsible for certain liabilities and expenses of the Business accruing after the Closing Date. However, because Defendants have failed to provide receipts, invoices, or other documentation substantiating the alleged out-of-pocket expenses, Blessing lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 174, and on that basis denies them.

175.    Blessing admits that the Closing occurred on or about December 15, 2025. Because Defendants have failed to provide adequate documentation or receipts, Blessing lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning payments Defendants claim to have made from their own accounts, and on that basis denies them. Blessing expressly denies that any such payments were made at Blessing's request, and denies any remaining allegations of Paragraph 175.

176.    Because Defendants have failed to provide adequate documentation or receipts, Blessing lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning the specific nature of expenses Defendants claim to have paid, and on that basis denies them.

177.    Because Defendants have failed to provide receipts, invoices, or adequate documentation to substantiate the alleged $56,053.00 in expenses, Blessing lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 177, and on that basis denies them.

178.    Denied.

179.    Blessing admits that it filed its Verified Complaint and an application for emergency injunctive relief by Order to Show Cause, and respectfully refers the Court to those filings for their contents. Blessing denies the remaining allegations of Paragraph 179, including the characterization "despite that."

180.    Blessing admits only that the parties entered into the Stipulated Order for Preliminary Injunction, which was so ordered by the Court on April 8, 2026 (ECF Nos. 13, 14), and which by its express terms does not limit Blessing's ability to seek relief based upon Defendants' actions and is not a concession or resolution of any of Blessing's claims. Blessing denies the remaining allegations of Paragraph 180, including that Defendants "immediately addressed" the issues raised in Blessing's application and that the parties' disputes were "resolved."

181.    Denied.

182.    Blessing admits that its Verified Complaint alleges, among other things, that Defendants wrongfully retained in excess of $467,000.00 in Customer Deposits and work-in-progress revenues belonging to Blessing, and respectfully refers the Court to the Verified Complaint for its contents. Blessing denies any remaining allegations of Paragraph 182.

183.    Denied.

184.    Denied. By way of further response, Blessing raised the inventory deficiencies with Defendants promptly, including in writing, and Blessing denies that it accepted, waived, or otherwise ratified Defendants' failure to deliver the inventory required by the APA.

185.    Denied.

186.    Blessing admits that it owes future consideration under the APA, subject to the terms, conditions, and offsets provided therein (including the Right of Set-off under Section 6.2), but denies that it has failed to perform its duties. Because Defendants have failed to substantiate the alleged $56,053.00 in costs with receipts or documentation, Blessing lacks knowledge or information sufficient

to form a belief about the truth of the allegations concerning those costs, and therefore denies them. Blessing denies all remaining allegations in Paragraph 186.

## COUNT ONE—BREACH OF CONTRACT

187.    Blessing repeats and incorporates its responses to all preceding paragraphs as if fully set forth herein.

188.    Paragraph 188 states legal conclusions to which no response is required. To the extent a response is required, Blessing admits that the APA is governed by the laws of the State of New York, and denies any remaining allegations of Paragraph 188.

189.    Denied.

190.    Because Defendants have failed to provide adequate documentation or receipts to substantiate the alleged $56,053.00 in expenses, Blessing lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 190, and on that basis denies them. Blessing expressly denies that it breached the APA.

191.    Denied.

Blessing denies that Counterclaimants are entitled to any of the relief requested in the unnumbered "WHEREFORE" paragraph following Paragraph 191, including subparagraphs (a) through (d) thereof.

## COUNT TWO

### Breach of Covenant of Good Faith and Fair Dealing

192.    Blessing repeats and incorporates its responses to all preceding paragraphs as if fully set forth herein.

193.    Denied.

194.    Denied.

195.    Paragraph 195 states legal conclusions to which no response is required. To the extent a response is required, denied.

196.    Denied.

197.    Denied.

Blessing denies that Counterclaimants are entitled to any of the relief requested in the unnumbered "WHEREFORE" paragraph following Paragraph 197, including subparagraphs (a) through (d) thereof.

## COUNT THREE

### Unjust Enrichment

198.    Blessing repeats and incorporates its responses to all preceding paragraphs as if fully set forth herein.

199.    Paragraph 199 states legal conclusions to which no response is required. To the extent a response is required, denied.

200.    Denied.

201.    Denied.

Blessing denies that Counterclaimants are entitled to any of the relief requested in the unnumbered "WHEREFORE" paragraph following Paragraph 201, including subparagraphs (a) through (d) thereof.

## COUNT FOUR

The section of the Amended Counterclaims captioned "COUNT FOUR" contains no allegations, no cause of action, and no numbered paragraphs, and therefore no response is required. To the extent any response is deemed required, Blessing denies that Counterclaimants have stated, or are entitled to any relief on, any claim thereunder.

### RESERVATION OF DEFENSES AND OBJECTIONS

The "Reservation of Defenses and Objections" contains no allegations of fact and requires no response. To the extent a response is required, Blessing denies the same and objects to any purported reservation of unpleaded defenses or objections except as permitted by the Federal Rules of Civil Procedure.

## JURY DEMAND

The "Jury Demand" contains no allegations of fact and requires no response.

## NOTICE TO PRESERVE ELECTRONIC DATA

The "Notice to Preserve Electronic Data" contains no allegations of fact and requires no response. Blessing is aware of, and is complying with, its preservation obligations under applicable law.

## PRAYER FOR RELIEF

Blessing denies that Counterclaimants are entitled to any of the relief requested in the "Prayer for Relief" or in any "WHEREFORE" clause of the Amended Counterclaims, or to any relief whatsoever.

## BLESSING'S DEFENSES TO THE AMENDED COUNTERCLAIMS

Without assuming any burden of proof, persuasion, or production not otherwise legally assigned to it, Blessing asserts the following defenses to the Amended Counterclaims. Blessing reserves the right to amend or supplement these defenses as discovery proceeds.

### FIRST DEFENSE

The Amended Counterclaims, and each purported count thereof, fail to state a claim upon which relief can be granted.

### SECOND DEFENSE

The Amended Counterclaims are barred, in whole or in part, by Counterclaimants' own prior material breaches of the APA, the Consulting Agreement, and the Sublease, which excuse any performance allegedly owed by Blessing and preclude Counterclaimants' recovery.

### THIRD DEFENSE

The Amended Counterclaims are barred, in whole or in part, by the terms of the parties' written agreements, including their integration and merger clauses, which do not provide for the reimbursement, rent, or other recovery Counterclaimants seek.

### FOURTH DEFENSE

Counterclaimants' claims for reimbursement of alleged post-closing payments are barred, in whole or in part, by the voluntary payment doctrine. Any such payments were made voluntarily, with full knowledge of the relevant facts, without any request by Blessing, and without protest or reservation of rights.

**FIFTH DEFENSE**

Any recovery by Counterclaimants is barred or must be reduced by setoff and recoupment in the amounts owed by Counterclaimants to Blessing as alleged in the Verified Complaint, which amounts far exceed the sums sought in the Amended Counterclaims.

**SIXTH DEFENSE**

Count Two is barred because, under New York law, a claim for breach of the implied covenant of good faith and fair dealing that is duplicative of a breach of contract claim and premised on the same facts and damages cannot be maintained.

**SEVENTH DEFENSE**

Count Three is barred because valid, enforceable, express contracts govern the subject matter of the parties' dispute, precluding quasi-contractual recovery for unjust enrichment under New York law.

**EIGHTH DEFENSE**

The Amended Counterclaims, including any claim for equitable relief, are barred, in whole or in part, by the doctrines of unclean hands, waiver, estoppel, ratification, and consent, including by reason of Counterclaimants' conduct alleged in the Verified Complaint.

**NINTH DEFENSE**

Counterclaimants have failed to mitigate their alleged damages, the existence of which Blessing expressly denies, and any recovery must be barred or reduced accordingly.

**TENTH DEFENSE**

Counterclaimants' alleged damages, if any, were caused, in whole or in part, by their own acts or omissions or by the acts or omissions of persons or entities over whom Blessing had no control and for whom Blessing is not responsible.

## ELEVENTH DEFENSE

Counterclaimants Lee Weissman and David Weissman, individually, lack standing to assert, and are not the real parties in interest with respect to, the claims pleaded in the Amended Counterclaims, including claims for expenses allegedly incurred and paid by Coolframes, LLC.

## TWELFTH DEFENSE

The Amended Counterclaims are barred, in whole or in part, by payment, accord and satisfaction, and/or the absence of any amount due and owing from Blessing to Counterclaimants.

## THIRTEENTH DEFENSE

Counterclaimants are not entitled to recover attorneys' fees, as no statute, rule, or contractual provision authorizes such recovery on the claims pleaded.

## FOURTEENTH DEFENSE

Counterclaimants' claims for consequential damages are barred, in whole or in part, by the terms of the parties' agreements and applicable law, including the requirements of foreseeability and certainty.

## FIFTEENTH DEFENSE

To the extent the Amended Counterclaims are premised on Blessing's alleged abandonment of, failure to pay rent for, or failure to maintain the premises located at 2907 Ocean Avenue, Brooklyn, New York, such claims are barred because Blessing vacated the premises at Defendants' own demand and insistence, including Defendants' service of a purported notice of termination and demand to vacate. Defendants' termination of the tenancy and demand that Blessing vacate extinguished any continuing obligations of Blessing with respect to the premises, and Blessing's surrender of the premises in response to Defendants' demand does not constitute abandonment, breach, or waiver. Defendants are further estopped from seeking recovery premised on a departure that they themselves demanded.

## SIXTEENTH DEFENSE

The Amended Counterclaims are barred, in whole or in part, to the extent they are premised on the theory that Blessing accepted, used, sold, or exchanged inventory delivered by Defendants and thereby waived any claim for Defendants' failure to deliver the inventory required by the APA. The inventory warranted by Section 3.1.26 of the APA (inventory valued at $250,000, comprised of at least $225,000 in frames, in new and unused condition, purchased within six months, and constituting Seller's best-selling items) was a distinct contractual requirement separate from and in addition to the transfer of all existing Inventory under Section 2.1(b) of the APA. Blessing's acceptance and use of such inventory as was actually delivered does not satisfy, excuse, or waive Defendants' obligations, and, having given Defendants timely notice of the deficiency, Blessing retains all rights and remedies arising from Defendants' breach, including under applicable law providing that acceptance of goods with notice of nonconformity does not impair any remedy for breach.

Blessing reserves the right to assert such additional defenses as may become apparent through discovery or further investigation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff/Counterclaim-Defendant Blessing Investment Group LG LLC respectfully requests that the Court: (a) dismiss the Amended Counterclaims in their entirety and with prejudice; (b) enter judgment in Blessing's favor and against Counterclaimants on the Amended Counterclaims; (c) award Blessing its costs, expenses, and attorneys' fees to the extent permitted by the parties' agreements, including Section 6.1 of the APA, and applicable law; and (d) grant such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Blessing demands a trial by jury on all issues so triable.

Dated: July 29, 2026

Respectfully submitted,

Blessing Investment Group LG LLC

/s/ David K. Radkin
David K. Radkin
Matthew A. Wood
Litico Law Group
3701 Algonquin Road, Suite 450
Rolling Meadows, Illinois 60008
(847) 307-5942
dkr@litico.law
maw@litico.law
Attorneys for Blessing Investment Group LG, LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on July 29, 2026, I caused the foregoing document to be filed with the Clerk of Court using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

/s/ David K. Radkin
David K. Radkin